EDWARD C. MALECKI v. VIRGINIA S. BURNHAM

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 7—decision released June 10, 1980

*Ridgely W. Brown,* for the appellant (defendant).
*Michael S. Sherman,* for the appellee (plaintiff).

PER CURIAM. This appeal stems from various disputes arising from the terms of a building contract between the parties. Pursuant to a provision in the contract, the parties submitted their grievances to an arbitration panel. After extensive hearings, the panel rendered its award. When the defendant failed to comply with the award, the plaintiff made an application to the Superior Court for confirmation of the award.[1] In a judgment dated June 18, 1979, the court ordered the award confirmed. From that judgment, the defendant has appealed.

The contract between the parties provided that all disputes concerning the terms of the contract and its alleged performance were to be resolved by arbitration. In argument on appeal, the parties conceded that the contract as well as all the claims of the parties were submitted to the arbitrators for resolution. The arbitrators rendered the following award: "We . . . award as follows: (1) Virginia Schroeder Burnham shall pay Edward C. Malecki the sum of Five Thousand Five Hundred ($5,500.00) Dollars. (2) The administrative fees and expenses . . . of the Arbitrators shall be borne equally by the parties . . . ."

Arbitration is a creature of contract and the parties themselves, by their submission, define the powers of the arbitrators. *Connecticut Union of Telephone Workers* v. *Southern New England Tele-*

---

[1] Section 52-417 of the General Statutes provides in pertinent part: "[A]ny party to the arbitration may make application to the superior court . . . for an order confirming the award. . . ."

*phone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961). Thus, in determining whether arbitrators have exceeded their powers, as that phrase is used in § 52-418 (d),[2] courts need only examine the submission and the award to determine whether the award conforms to the submission. *Board of Education* v. *Waterbury Teachers' Assn.,* 174 Conn. 123, 127, 384 A.2d 350 (1977). The basic test of the validity of an award lies in its conformity to the submission. *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 589, 392 A.2d 461 (1978).

Specific designation of arbitrable matters is unnecessary where the language of the arbitration clause indicates an intention on the part of the parties to include all controversies which may arise under their agreement. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 473, 262 A.2d 159 (1969). The record reveals that the parties did not submit any particular questions which they desired the arbitrators to answer. We therefore conclude that the contractual dispute as submitted to the arbitration panel was unrestricted.

We find no merit in the contention of the defendant that the arbitrators imperfectly executed their powers because they did not make any specific finding with respect to any of the claims of the parties. Arbitrators are only required to render an award in conformity to the submission and an award need contain no more than the actual decision of the arbitrators. An explanation of the means by which they reached the award, unless required by the submission, is needless and superfluous. *Gary Excavat-*

---

[2] Section 52-418 (d) of the General Statutes provides that a court shall vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

214

*ing Co.* v. *North Haven,* 160 Conn. 411, 414, 279 A.2d 543 (1971). The submission in this case did not require the arbitrators to make any specific reference in their award to any of the claims made by the parties. *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* supra, 587.

Every reasonable presumption will be made in favor of an award of the arbitrators. Hence, the burden rests upon the party attacking the award to establish its invalidity. *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100 (1960).

Since the award in question was in conformity with the submission, it was not ambiguous, indefinite or improperly executed.

There is no error.