EDWARD CARROLL, ADMINISTRATOR *v.* AETNA
CASUALTY AND SURETY COMPANY

AETNA CASUALTY AND SURETY COMPANY *v.*
EDWARD CARROLL, ADMINISTRATOR
(10259)
(10279)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued November 4, 1982—decision released January 4, 1983

*Bourke G. Spellacy,* with whom was *John C. King,* for the appellant (defendant in the first case and plaintiff in the second case).

*Leo Rosen,* for the appellee (plaintiff in the first case and defendant in the second case).

GRILLO, J. This appeal from the trial court's judgment confirming an arbitration award and concomitantly denying an application to vacate the award addresses the issue of the scope of judicial review accorded arbitration decisions.[1]

The facts are not in dispute. On March 15, 1977, the deceased, Scott Carroll, was killed as a result of a collision caused by an uninsured motor vehicle owned and driven by his brother, Robert Carroll. At the time of the accident Scott was driving an automobile owned by his father, Edward Carroll (hereinafter the plaintiff), the administrator of the estate of the deceased and the insured under a family automobile policy issued by the Aetna Casualty and Surety Company (hereinafter the defendant). Scott was insured under the terms of the policy, while Robert was not, although Robert had been insured thereunder from 1973 to 1976. The policy included uninsured motorist provisions on each of the two vehicles owned by the plaintiff.[2] Robert, who in 1977 was a resident of the plaintiff's household, had purchased his uninsured automobile with funds obtained in part from the sale of a car previously given to him by the plaintiff. The plaintiff was aware of the fact that Robert's vehicle was not insured. It was and is the defendant's conten-

---

[1] Aetna initially appealed both the confirmation of the arbitration award and the denial of the application to vacate, resulting in two appeals to this court. The parties, by stipulation, subsequently moved for consolidation of the appeals, which we granted. Practice Book § 3084.

[2] The uninsured motorist liability limits of the policy were $20,000 per person and $40,000 per accident. A separate premium for each vehicle was charged for this coverage.

tion that under these circumstances the plaintiff is not entitled to payment under the uninsured motorist provisions, which purport to exclude from coverage uninsured vehicles furnished for the regular use of named insureds or their relatives.

After the defendant refused to make payment under the uninsured motorist provisions of the policy, the plaintiff initially brought, on November 20, 1978, a declaratory judgment action seeking to determine whether the policy provided coverage and, if so, the maximum amount recoverable. Because, however, the policy contained an agreement for the submission to arbitration of disputes arising out of the uninsured motorist provisions, the plaintiff filed a demand for arbitration with the American Arbitration Association on January 30, 1979.[3] The parties proceeded to arbitration on January 7, 1980.

The parties agree that the seminal issue argued before the arbitrator was the question of coverage under the facts and the uninsured motorist policy provisions. After hearing the relevant evidence, the arbitrator awarded the plaintiff $40,000.[4] Thereafter, the plaintiff filed a petition to confirm

[3] After the demand for arbitration was filed, the defendant applied for a temporary injunction seeking to restrain arbitration proceedings until the declaratory judgment action could be decided. The trial court denied the application for injunctive relief, and the defendant appealed the decision to this court. The plaintiff subsequently moved to dismiss the appeal as not from a final judgment, which motion we granted on October 2, 1979. See *Board of Education* v. *Shelton Education Assn.*, 173 Conn. 81, 88, 376 A.2d 1080 (1977). Although the declaratory judgment action is technically still pending, the plaintiff has abandoned it.

[4] The arbitrator specifically found that the uninsured motorist was solely responsible for the accident, and that the plaintiff was entitled to $40,000 under the terms of the uninsured motorist coverage within the policy.

the arbitration award; General Statutes § 52-417; and the defendant filed an application to vacate the award pursuant to General Statutes § 52-418. The trial court confirmed the award and denied the application to vacate. From that judgment the defendant has appealed.

The preliminary question which we must address concerns the scope of the submission to arbitration. Where the submission is unrestricted, "the award is . . . final and binding and cannot be reviewed for errors of law or fact." *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980). The trial court concluded that because the submission to arbitration in the present case was unrestricted or general, the award could not be reviewed for errors of law or fact. The defendant disputes this conclusion, arguing that the arbitrator was bound by the submission to decide what the plaintiff was "legally entitled"[5] to recover and that therefore the court should have gone beyond the award to determine whether the arbitrator made errors of fact or law. We disagree.

[5] While the demand for arbitration is not before us, the defendant concedes that the demand directs and requires the arbitrator to consult the policy to determine the scope of the submission. The policy provision whereby the parties agreed to submit to arbitration reads as follows: "If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Coverage, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Coverage."

"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 403, 407 A.2d 1013 (1979). Where the language of the arbitration clause indicates an intention on the part of the parties to include all controversies which may arise under their agreement, and where the record reveals no specific questions which the parties submitted to the arbitrator, the submission will be construed as unrestricted. *Malecki* v. *Burnham,* 181 Conn. 211, 213, 435 A.2d 13 (1980). The language of the submission, as contained within the contract, clearly delegates all disputed issues to binding arbitration, and can therefore only be construed as unrestricted.

Moreover, by placing undue emphasis upon the phrase "legally entitled,"[6] the defendants effectively seek to undercut the clearly mandated legislative decision, as embodied in General Statutes § 38-175c, to delegate to arbitration the final deter-

---

[6] Underscoring the phrase "legally entitled," the defendant interprets the submission to arbitration as requiring the arbitrator to resolve the dispute according to law. The defendant relies on *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 96 A.2d 209 (1953), where the parties agreed to accept the award as final and binding " 'providing it is not contrary to law.' " Id., 594–95. The present case, however, is distinguishable. Under the terms of the present submission, if there is disagreement concerning whether the insured is legally entitled to recover damages, the matters upon which there is disagreement shall be settled by arbitration. See footnote 5, supra. Clearly, by the terms of the submission, legal disputes are to be decided, without condition, by arbitration. This interpretation of the submission is not only clear and unambiguous, therefore not requiring contract interpretation; *Southern New England Contracting Co.* v. *Norwich Roman Catholic Diocesan Corporation,* 175 Conn. 197, 199, 397 A.2d 108 (1978); it is also consistent with statutory and case authority. General Statutes § 38-175c; *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 41–42, 434 A.2d 304 (1980).

mination of insurance coverage under uninsured motorist provisions contained within a policy. "The expressed intent and effect of . . . § 38-175c is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration." *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 42, 434 A.2d 304 (1980). Having correctly determined that the facts demonstrated an unrestricted submission concerning the issue of coverage, the trial court therefore properly refused to review the award for errors of law or fact.

The defendant's alternative claim, that even if the submission is construed as unrestricted the trial court impermissibly restricted the scope of appellate review, is similarly without merit. Having previously construed the submission as unrestricted, the trial court "properly limited its inquiry to the question of whether the award conformed to the submission and found that it did." *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 405, 407 A.2d 1013 (1979). Both the submission and the award were before the court. The record clearly reveals that the award conformed to the submission. The court's scope of review and resulting conclusions were correct.[7]

---

[7] We reject the defendant's additional assertion that the parties and the trial court had agreed to a subsequent hearing on the merits. The transcript clearly reveals that the trial court would first decide the preliminary issue concerning the scope of judicial review, turning to an evidentiary hearing on the merits only if the court construed its function as going behind the award. Indeed, defense counsel admitted to the trial court that if it disagreed with his argument concerning the scope of judicial review, it need not go behind the award.

The defendant further assigns as error the trial court's determination that the defendant's claims of error clearly fell within the purview of General Statutes § 52-418 (d), asserting that the court's failure to consider General Statutes § 52-418 (a) and (c) constitutes reversible error. We disagree.

The right to review an arbitration award is wholly encompassed within the parameters of § 52-418.[8] *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 682, 427 A.2d 859 (1980). Although the defendant asserts error by the arbitrator under subsections (a), (c) and (d), the defendant's position is basically that the arbitrator failed to comply with applicable law and made clearly untenable mistakes of law and fact. Nowhere in the proceedings below or on appeal to this court has the defendant claimed that the award was procured by corruption or fraud, or that the arbitrator was guilty of misconduct by refusing to hear evidence or to postpone the hearing or by taking any other action prejudicial to the defendant. General Statutes § 52-418 (a) and (c). Therefore, the only issue

[8] In its entirety, General Statutes § 52-418 states: "In any of the following cases the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

properly before the trial court was whether "the arbitrators . . . exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (d). To determine whether the arbitrators exceeded their authority, the court must be satisfied that the submission conforms to the award; *Milford Employees Assn.* v. *Milford,* supra, 683; which, as previously stated, it plainly did. The trial court properly limited its statutory review to the issues set forth in § 52-418 (d), and correctly confirmed the award.

In arguing enlargement of the scope of judicial review accorded arbitration decisions, the defendant effectively seeks a second determination of the underlying dispute on the merits. Such a procedure is not sanctioned either by statute; General Statutes § 38-175c; or by our policy. *Milford Employees Assn.* v. *Milford,* supra, 684. The parties freely bargained for dispute resolution by arbitration and are, therefore, fully bound by a lawfully rendered decision.[9] *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466 (1975).

There is no error.

In this opinion the other judges concurred.

---

[9] Implicit within the defendant's argument is the contention that by the trial court's judgment he has been effectively deprived of a forum to raise novel and complex questions of law and fact. While the parameters of judicial review accorded arbitration decisions are encompassed within General Statutes § 52-418, we note that upon request by all the parties an arbitrator must submit to any designated court any question or questions arising during the arbitration, the determination of which must be binding upon the arbitrator. General Statutes § 52-415. Although this process was available to the defendant during the arbitration proceeding, there is no indication on the record before us that the parties exercised this option.