AMERICAN MOTORISTS INSURANCE COMPANY *v.*
LYNDA BROOKMAN ET AL.
(2360)

TESTO, HULL and DUPONT, Js.

Argued November 10, 1983—decision released January 24, 1984

*David M. Reilly,* for the appellant (plaintiff).

*Marshall S. Feingold,* for the appellee (named defendant).

HULL, J. The plaintiff, American Motorists Insurance Company (American), appeals from a judgment denying the plaintiff's application to vacate an arbitration award.[1] The plaintiff and the defendants, Lynda Brookman, her mother, Norma Gagliardi, and Norma Gagliardi as administratrix of the estate of Michael Gagliardi, submitted the issue concerning the extent of liability for uninsured motorist coverage to arbitration pursuant to the insurance policy terms. The arbi-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tration award determined that American was liable to the named defendant, Lynda Brookman,[2] in the amount of $50,000.

On November 11, 1979, the defendant was involved in an automobile accident with an uninsured motorist. The defendant's parents were passengers in the vehicle which she operated. The defendant and her parents were all injured in the accident, the injuries to the defendant's father being fatal.

The Brookmans' insurance policy provided coverage for each of three vehicles owned by Lynda Brookman and her husband. The policy charged a separate premium for each vehicle, with the rate reduced 50 percent for the second and third vehicles. The policy contained limits of liability under the uninsured motorist bodily injury clause of $20,000 per person and $40,000 per accident.

The insurance policy in question provides for the submission to arbitration of disagreements between any person making a claim thereunder and the insurer relative to liability, damages and coverage. The policy, furthermore, provides that the insured and the insurer "each agree to consider itself bound by any award made by the arbitrators pursuant to this provision."[3]

In this case, the defendant, Brookman, claimed that the $20,000–$40,000 uninsured motorist coverage,

---

[2] As used in this opinion, "defendant" refers to the named defendant Lynda Brookman.

[3] Section 38-175c of the General Statutes requires that all uninsured motorist insurance policies which provide for arbitration, as does the one in question, "shall include a provision for final determination of insurance coverage in such arbitration proceeding." In Oliva v. Aetna Casualty & Surety Co., 181 Conn. 37, 42, 434 A.2d 304 (1980), the purpose of the enactment was stated as follows: "The expressed intent and effect of the aforesaid amendment to § 38-175c is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration."

within the policy covering three automobiles owned by the defendant and her husband, should be "stacked" whereby the plaintiff would be liable in the amount of $60,000. The plaintiff did not agree. The issue concerning the extent of the plaintiff's liability to Brookman and her passengers for damage incurred and injuries sustained in the November 11, 1979, accident was submitted to arbitration.[4]

The arbitrators rendered an award which determined that "stacking" of coverage was applicable in this instance and, therefore, the arbitrators found that American was liable for coverage in the amount of $50,000.[5] Thereafter, the plaintiff filed an application to vacate the award pursuant to General Statutes § 52-418. The trial court denied the application to vacate and rendered judgment sustaining the award.

Judicial review of an arbitration award is limited to an analysis of the grounds for vacating an award set forth in General Statutes § 52-418 and by the terms

---

[4] The automobile insurance contract (policy) provides, under the provision entitled "CONNECTICUT AMENDMENT," Article II, subparagraph 4, for arbitration. That section provides: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle or an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing hereunder or do not agree as to the coverage of insurance hereunder, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and the judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound by any award made by the arbitrators pursuant to this provision."

[5] The corrected award rendered on December 11, 1981, stated that "the concept of stacking coverage does not apply" to the estate of Michael Gagliardi, the defendant Brookman's father, or to her mother, Norma Gagliardi. The arbitrators, therefore, awarded $10,000 to the estate and $10,000 to Norma Gagliardi. The award, however, further states "the arbiters find that as to the claimant, Lynda Brookman, the concept of stacking coverage does apply and award the sum of $50,000 to Lynda Brookman."

of the contractual agreement between the parties. See *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 22, 453 A.2d 1158 (1983); *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 290, 377 A.2d 323 (1977); *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 470 A.2d 1219 (1983). Where a party challenges an award under General Statutes § 52-418 (a) (4)[6] on the ground that the arbitrator exceeded or imperfectly performed his or her power, review is properly limited to a comparison of the award with the submission. *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18–19, 458 A.2d 685 (1983); *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 21; *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981).

"Where the language of the arbitration clause indicates an intention on the part of the parties to include all controversies which may arise under their agreement, and where the record reveals no specific questions which the parties submitted to the arbitrator, the submission will be construed as unrestricted." *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 20; *Malecki* v. *Burnham,* 181 Conn. 211, 213, 435 A.2d 13 (1980). In the present case, the language of the submission, as contained in the arbitration provision of the policy and which states that "the matter or matters upon which such person [the claimant] and the company do not agree shall be settled by arbitration," clearly delegates any disputes concerning damages, liability and coverage to binding arbitration and such a submission, therefore, can only be construed as unrestricted.[7] *Carroll* v. *Aetna Casualty & Surety Co.,* supra. Furthermore,

[6] Prior to Public Acts 1982, No. 82-160, § 157, this section was codified as § 52-418 (d).

[7] See footnote 4, supra.

the record does not reveal that any specific questions were submitted to the arbitrators by the parties in this case. See id.

The plaintiff's attack on the award is confined primarily to the argument that the law in this state permitting stacking of coverage was based on an old statutory scheme which preceded and was altered by General Statutes § 38-175c (b) (1).

The plaintiff, in essence, claims that the arbitrators erroneously interpreted the law of this state and thereby erred in deciding the legal questions involved. "Where the submission is unrestricted, 'the award is . . . final and binding and cannot be reviewed for errors of law or fact.' " *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 19; *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983); *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980). "Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Citations omitted.) *Caldor, Inc.* v. *Thornton,* supra, 340–41; *Bic Pen Corporation* v. *Local No. 134,* supra, 584. Permitting the stacking of coverage was a legal determination rendered by the arbitrators which, due to the fact that the submission was unrestricted, we cannot and will not review. We need not, therefore, address the issue of whether the stacking of uninsured motorist coverage was permissible. The trial court correctly denied the plaintiff's application to vacate the award.

The plaintiff, in effect, seeks a second determination of the underlying dispute after an unsuccessful attempt to have the award vacated in the Superior Court. The courts will not sanction such a tactic. See *Caldor, Inc.* v. *Thornton,* supra, 342. The parties, by adopting the contract, freely bargained for dispute resolution

through arbitration and agreed to consider themselves "bound by any award made by the arbitrators."[8] Suffice it to say, the award conformed to the submission.

There is no error.

In this opinion the other judges concurred.

---

[8] See footnote 4, supra.

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).