## DOROTHY COURCHAINE *v.* SHELBY MUTUAL INSURANCE COMPANY
### (2460)

DUPONT, BORDEN and SPALLONE, Js.

Argued June 13—decision released August 21, 1984

*Bruce L. Levin,* for the appellant (defendant).

*Richard K. Mulroney,* with whom, on the brief, was *Gregory M. Conte,* for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] by the defendant from a judgment vacating an arbitration award of uninsured motorist benefits. The trial court permitted the plaintiff to call the arbitrator as a witness and to elicit from him how he arrived at his award of damages. The court vacated the award on the ground that the arbitrator had misapplied the law.

Both parties agree that the submission to arbitration was unrestricted. Where the submission is unrestricted, the award is final and binding and cannot be reviewed for errors of law or fact. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 23, 453 A.2d 1158 (1983); *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980); *American Motorists Ins. Co.* v. *Brookman,* 1 Conn. App. 219, 223, 470 A.2d 253 (1984). Because the award conforms to the submission and because the actions of the arbitrator are not sub-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ject to review under the circumstances in this case, we need not consider the other issues raised by the defendant.

There is error, the judgment is set aside and the case is remanded with direction to render judgment denying the plaintiff's application to vacate the award of the arbitrator.