## GAME-A-TRON CORPORATION *v.* BENJAMIN GORDON
## (2450)

HULL, BORDEN and SPALLONE, Js.

Argued October 3—decision released November 13, 1984

*Mark S. Shipman,* with whom was *Leonard Bieringer,* for the appellant (plaintiff).

*Kenneth J. Laska,* for the appellee (defendant).

SPALLONE, J. This is an appeal[1] by the plaintiff from the judgment of the trial court granting the defendant's motion to confirm an arbitration award and denying the plaintiff's application to vacate that award.

The plaintiff, Game-A-Tron Corporation, entered into a written employment contract with the defendant, Benjamin Gordon, on January 1, 1979. The contract was drafted by the plaintiff.[2] The term of the employment contract was for one year with options to renew

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] Although this fact does not appear in the record, the plaintiff conceded it at oral argument before this court.

for successive twelve-month periods. The plaintiff was obligated to pay the defendant the sum of $35,000 annually.

Paragraph 16 of the contract provided for the unrestricted submission to arbitration of any controversies arising under it. Paragraph 21 provided that the contract was to be construed and enforced in accordance with the laws and decisions of the state of Nevada and the state of Connecticut.

The defendant worked under the contract until his employment was terminated by the plaintiff on March 16, 1979. On April 21, 1982, the defendant filed a demand[3] for arbitration. Neither the plaintiff nor the defendant submitted any issues to the arbitrator other than those contained in the demand for arbitration. The arbitrator did not restrict the issues to be decided by him. After a hearing and the submission of briefs by both parties, the arbitrator rendered his decision in which he awarded the defendant the balance of salary due him under the contract in the amount of $20,540.36.

Thereafter, the plaintiff filed an application to vacate the arbitration award and the defendant filed a motion to confirm the award. The court granted the defendant's motion to confirm and denied the plaintiff's application to vacate.

---

[3] The demand stated in pertinent part as follows: "Named claimant, a party to an arbitration agreement contained in a written contract, dated January 1, 1979, providing for arbitration, hereby demands arbitration thereunder.

"IV. Miscellaneous Provisions (16). Any controversy arising from, or related to this Agreement shall be determined by arbitration, in the City of Hartford, Connecticut, in accordance with the Rules of the American Arbitration Association, and judgment upon any such determination or award may be entered in any Court having jurisdiction.

"NATURE OF DISPUTE: Breach of Employment Contract

"CLAIM OR RELIEF SOUGHT: Balance of salary due in the amount of $29,615.36."

On appeal, the plaintiff claims error in the court's conclusion that the submission to the arbitrator was unrestricted. It contends that paragraph 16 of the employment contract was qualified by paragraph 21 which required that the contract be construed and enforced in accordance with the laws and decisions of the state of Nevada and the state of Connecticut, with the result that the submission to arbitration was restricted. We disagree.

The language of paragraph 16, the demand for arbitration and the arbitration decision all indicate that the submission was properly construed as unrestricted. Where the language of the arbitration clause indicates an intention of the parties to include all controversies which may arise under the agreement, and where the record reveals no specific questions which the parties submitted to the arbitrator, the submission will be construed as unrestricted. *Carroll* v. *Aetna Casualty & Surety Co.*, 189 Conn. 16, 20, 453 A.2d 1158 (1983); *Malecki* v. *Burnham*, 181 Conn. 211, 213, 435 A.2d 13 (1980); *American Motorists Ins. Co.* v. *Brookman*, 1 Conn. App. 219, 222, 470 A.2d 253 (1984).

The plaintiff also contends that paragraph 16, when read together with paragraph 21, clearly indicates the intent of the parties to limit all submissions to arbitration to restricted submissions. The defendant denies this intent.

Paragraph 21 is ambiguous as to its application and, if the plaintiff's interpretation is adopted, the general language of paragraph 16 calling for unrestricted submission would be rendered meaningless. If the parties intended that the submissions were to be restricted, the reasonable and rational place to indicate this intent would have been in paragraph 16. Where the terms of a contract are fairly susceptible of two or more interpretations, the one which is the more equitable, reason-

able and rational is to be preferred. *Lanna* v. *Greene,* 175 Conn. 453, 458–59, 399 A.2d 837 (1978); *Texaco, Inc.* v. *Rogow,* 150 Conn. 401, 408, 190 A.2d 48 (1963).

Since paragraph 21 is ambiguous as to its application, it should be construed against the drafter, in this case the plaintiff. *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 513, 442 A.2d 920 (1982); *Simses* v. *North American Co. for Life & Health Ins.,* 175 Conn. 77, 85, 394 A.2d 710 (1978); *Roby* v. *Connecticut General Life Ins. Co.,* 166 Conn. 395, 402, 349 A.2d 838 (1974). The party who actually does the writing presumably will be guided by his own interests and goals in the transaction. *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 146 n.8, 328 A.2d 711 (1973). The trial court's conclusion that the submission was unrestricted is amply supported by these principles and should not be disturbed on review.

Having concluded that the submission was unrestricted, a court need only examine the submission and award to determine whether the award conforms to the submission. *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983); *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 21; *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 403–405, 407 A.2d 1013 (1979); *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 212, 470 A.2d 1219 (1984). Where the submission is unrestricted the award is final and binding and cannot be reviewed for error of law or fact. *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 19; *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980); *American Motorists Ins. Co.* v. *Brookman,* supra, 223; *Courchaine* v. *Shelby Mutual Ins. Co.,* 2 Conn. App. 438, 438–39, 479 A.2d 1218 (1984).

Here, the award conforms to the submission and, because the actions of the arbitrator are not subject

to review under the circumstances of this case, we need not consider the other issues raised by the plaintiff.

There is no error.

In this opinion the other judges concurred.