## Harry Roraback *v.* Travelers Insurance Company (2765)

Dupont, C.P.J., Borden and M. Hennessey, Js.

Argued March 8—decision released May 14, 1985

*Mark A. Altieri,* with whom, on the brief, was *James J. Gentile,* for the appellant (plaintiff).

*Terence A. Zemetis,* for the appellee (defendant).

M. Hennessey, J. The plaintiff, Harry Roraback, appeals from a judgment denying his application to vacate an arbitration award. The issue concerning the extent of liability for underinsured motorist coverage was submitted by the plaintiff and the defendant, Travelers Insurance Company (Travelers), to arbitration. The submission was unrestricted. No issues of law were reserved for the court.

The submission to arbitration was under the following stipulation of facts. On December 26, 1980, the plaintiff was involved in an automobile accident in which the vehicle he drove was struck from behind by a vehicle insured by Fireman's Fund Insurance Company (Fireman's). Fireman's paid to the plaintiff its liability limit of $20,000.

The vehicle which the plaintiff was operating was owned by Anthony Carrano, and he was operating that vehicle with Carrano's permission. The Carrano vehicle was insured with Travelers. Carrano also insured another vehicle with Travelers. Each of the Carrano vehicles carried uninsured-underinsured motorist coverage with limits of $20,000 per person, $40,000 per accident. The named insured was Carrano.

Subsequent to being paid the $20,000 policy limit by Fireman's, the plaintiff filed an underinsured motorist claim against Travelers under the policy issued to Carrano. The plaintiff's claim was premised on stacking of the $20,000 underinsured motorist coverage of the two automobiles owned by Carrano and covered under the Travelers policy. The defendant would then be liable in the amount of $40,000. The defendant did not agree. It took the position that since the plaintiff was neither the named insured nor a relative of the named insured residing in the named insured's household, the plaintiff was only covered under the policy on the car he was driving.

The arbitrators found that the plaintiff's injuries exceeded the $20,000 coverage of the liability policy, but concluded that the plaintiff could not stack the underinsured coverage and was thus entitled to only $20,000. Thereafter, the plaintiff filed an application to vacate the award pursuant to General Statutes § 52-418. The trial court denied the application to vacate and rendered judgment sustaining the award.

"Judicial review of an arbitration award is limited to an analysis of the grounds for vacating an award set forth in General Statutes § 52-418 and by the terms of the contractual agreement between the parties." *American Motorists Ins. Co.* v. *Brookman,* 1 Conn. App. 219, 221–22, 470 A.2d 253, cert. denied, 193 Conn. 801, 473 A.2d 1226 (1984).

Where a party challenges an award under General Statutes § 52-418 (a) (4) on the ground that the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definitive award upon the subject matter submitted was not made, review is properly limited to a comparison of the award with the submission. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 21, 453 A.2d 1158 (1983); *Courchaine* v. *Shelby Mutual Ins. Co.,* 2 Conn. App. 438, 479 A.2d 1218 (1984).

In the present case, the parties voluntarily chose to leave the submission unrestricted. Upon being asked by the chairman of the arbitration panel whether they would care to limit the submission, both counsel agreed to allow the arbitrators to decide coverage, liability and damages. Nor does the record reveal that any specific questions were submitted by the parties to the arbitrators.

The plaintiff's challenge to the award is grounded on the proposition that an insurance policy which attempts to prevent stacking of the underinsured motorist coverage is contrary to law and public policy and that the arbitrators cannot apply a clause that limits stacking as they did in this case.

The decision of the arbitrators disallowing the stacking of coverage was a legal determination. Since the arbitrators' award was unrestricted, its legal determination is not subject to review. Where the submission is unrestricted, the award is final and binding and cannot be reviewed for errors of law or fact. See *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 19; *American Motorists Ins. Co.* v. *Brookman,* supra, 223. We need not, and do not, address the issue of whether the stacking of underinsured motorist coverage should have been permitted. The plaintiff, by agreeing to an

unrestricted submission, agreed to be bound by the award made by the arbitrators. The trial court correctly denied the plaintiff's application to vacate the award.

There is no error.

In this opinion the other judges concurred.