[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves plaintiff's application to vacate an arbitration award issued after an arbitration hearing pursuant to the uninsured motorist insurance clause in the plaintiff's contract with the defendant.
The arbitration hearing in question dealt with the motorcycle accident between Rodney Matthews (hereinafter plaintiff), and an uninsured motorist, and subsequent compensation for injuries pursuant to the plaintiff's uninsured motorist coverage with the defendant. The defendant was unwilling to compensate the plaintiff who then requested the arbitration as allowed under the insurance contract.
The duty to arbitrate may be created by contract or by statute. Security Insurance Co. of Hartford v. DeLaurentis,202 Conn. 178, 182, 520 A.2d 202 (1987). It is axiomatic that claims of coverage under an uninsured motorist policy are to be decided by arbitration. Quinn v. Middlesex Insurance Co.,16 Conn. App. 209, 211, 547 A.2d (1988).
Upon his request for an arbitration hearing, the plaintiff selected Attorney Webber as his arbitrator and the defendant selected Attorney Melly, of Kenney Brimmer, as its arbitrator. Attorney Melly then suggested that Attorney Bernard Poliner act as the neutral arbitrator and the plaintiff agreed to his appointment. After the arbitration panel was selected, the plaintiff presented the arbitrators with the following submission:
1) did the plaintiff timely file his request for arbitration; and 2) was the plaintiff more than fifty percent contributorily negligent for the injuries he sustained in said motor vehicle collision? On April 15, 1992 there was a full hearing on the merits of the plaintiff's claim against the defendant. The final decision was rendered on June 4, 1992. Attorneys Melly and Poliner found that: 1) the plaintiff had made a timely filing; and 2) the plaintiff was in excess of fifty percent contributorily negligent and, therefore, was not entitled to any compensation. The plaintiff's arbitrator dissented from the decision.
Upon issuance of the finding, the plaintiff subsequently learned that Attorney Poliner had present dealings with the defendant. The plaintiff then filed an application to vacate the award charging that pursuant to Conn. Gen. Stat. sec. CT Page 898552-418; a) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made; and b) there had been evident partiality or corruption on the part of the neutral arbitrator.
Conn. Gen. Stat. sec. 52-418(a)(4) states in part:
 Upon application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (2) if there has been evident partiality or corruption on the part of any arbitrator; (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
Conn. Gen. Stat. sec. 52-418(a)(2)(4).
In the first instance, the plaintiff claims that the arbitrators imperfectly exceeded their powers and, therefore, there was no final or definite award. In deciding whether an arbitrator has exceeded his power, the court need only examine the submission and the award to determine whether the award conforms to the submission. O G/O'Connell Joint Venture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133, 153,523 A.2d 1271 (1987). Arbitration is a creature of contract and the parties themselves, by their submission, define the powers of the arbitrators. Malecki v. Burnham, 181 Conn. 211, 212,435 A.2d 13 (1980); See, Conn. Union of Telephone Workers v. SNET Co., 148 Conn. 192, 169 A.2d 646 (1961). In the instant case, the arbitrators found, in compliance with the plaintiff's submission, that the plaintiff had timely filed an application for arbitration and that the plaintiff was over fifty percent contributorily negligent and, therefore, unable to recover. The arbitrators' action did not fall within the ambit of Conn. Gen. Stat. sec. 52-418(a)(4) as they did not exceed or imperfectly execute their powers.
In the alternative, the plaintiff argues under sec.52-418(a)(2) that there was evident partiality on the part of the neutral arbitrator based on Attorney Poliner's relationship with the defendant.
Evident partiality is more than the mere `appearance CT Page 8986 of bias' and less than `proof of partiality' . . . Evident partiality will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration. To put it in the vernacular, `evident partiality' exists where it reasonably looks as though a given arbitrator would tend to favor one of the parties.
Local 530, AFSCME Council 15 v. New Haven, 9 Conn. App. 260,274, 518 A.2d 941 (1986).
In the present case, the plaintiff argues that Attorney Poliner clearly was partial to the defendant due to the fact that he was then negotiating a large settlement with the defendant. However, Attorney Poliner's relationship with the defendant was adversarial in nature stemming from his position as a plaintiff's attorney. The likelihood that he would have a "professional" relationship of an adversarial nature with the defendant is neither unreasonable nor unexpected.
An adversarial relationship does not give rise to the same level of partiality as the relationship in the Peerless case which the plaintiff cites in his memorandum to support the claim of required disclosure. In that case, the court vacated an arbitration award on the ground of evident partiality where the neutral arbitrator filed an appearance as co-counsel with the plaintiff's husband after the hearing was completed but before the award was rendered. Peerless v. Florence Roberto, No. CV91-0701922S at 4 (March 26, 1992). The plaintiff's reliance on that case is not persuasive. Here, Attorney Poliner never represented the defendant prior to or during the arbitration proceedings.
An allegation that an arbitrator was biased, if supported by sufficient evidence, may warrant vacating the arbitration award. Vincent Builders, Inc. v. American Application Systems, Inc., 16 Conn. App. 486, 494, 547 A.2d 1381 (1988); Schwarzchild v. Martin, 191 Conn. 316, 327, 464 A.2d 774 (1983). "The burden of proving bias or evident partiality pursuant to sec.52-418(a)(2) rests on the party making such a claim, and requires more than a showing of an `appearance of bias'." Vincent Builders, Inc. v. American Application Systems, Inc., at 494. The courts have summarily rejected attempts to overturn arbitration awards on grounds of partiality in cases, like the present one, which lacked sufficient evidentiary support. CT Page 8987 Schwarzchild v. Martin, at 327.
Additionally, to consider an arbitrator biased simply because he or she has an adversarial relationship with one of the parties to the arbitration would impede the system. The courts have consistently favored arbitration as an alternative method for resolving disputes because it avoids the "formalities, delay, expense and vexation of ordinary litigation." Town of East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368, 371, 561 A.2d 1388 (1989). The resolution of disputes would be severely impeded if an arbitration award could be vacated on such a basis. The arbitration system works because the participants are practicing attorneys well versed in the specific areas of the law in which they are chosen to serve as arbitrators. The system would not be served, nor would the interests of the parties, if, for example, an attorney skilled in family matters had to be chosen to arbitrate a negligence case and vice versa.
Finally, because the plaintiff has failed to meet his burden of showing evident partiality on the part of the neutral arbitrator, the application to vacate the award is denied.
SCHALLER, J.