[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Herbert V. Larson and Bonnie Larson, bring this action seeking to recover a credit for prepayment of an obligation to the defendants, Sherman S. Jacobson, Ruth Jacobson, Harriett Goldstein, Richard Belford and Joyce Rogoff.
The court finds that in October 1978 the plaintiffs bought from the defendants seven properties in New Haven for the sum of $425,690.25 and that the entire purchase price was financed by the defendants by way of a note and mortgage. The note provides that "[i]f the makers shall prepay any portion of this note in whole or in part during the term hereof, the makers shall at the time of such prepayment receive an additional credit against the then outstanding principal of this note in an amount equal to five percent (5%) of the amount of such prepayment of principal." The contract also provides for a mechanism for releasing individual properties from the blanket mortgage (Ex. A "Mortgage Insert").
Since the cited provision of the note does not define "prepayment", the court finds that the term is ambiguous. Where the terms of a contract are susceptible to more than one interpretation, the one that is the more equitable, reasonable and rational will be applied. Lanna v. Greene, 175 Conn. 453,458-9 (1978); Texaco, Inc. v. Rogow, 150 Conn. 401 (1963); Game-A-Tron Corp. v. Gordon, 2 Conn. App. 692 (1984).
Sherman Jacobson testified that the purpose of this provision was to create an incentive for the plaintiffs to build up equity, since there was no "equity cushion" for the lenders, who had received no down payment. He further testified that the credit provision was agreed to apply only to payments made before they were due, not to payments made with regard to releasing some of the mortgaged properties so they could be sold by the plaintiffs to others. The plaintiffs did not rebut this testimony as to the parties' understanding of how and in what circumstances the credit applied.
The meaning of a contract can also be ascertained by the conduct of the parties. Ruscito v. F-Dyne Electronics Co. Inc.,177 Conn. 149, 160 (1979). CT Page 6917
In 1982 the plaintiffs sought to sell one of the properties that was subject to the blanket mortgage. The defendants duly released the mortgage and reduced the payment schedule to reflect the release pursuant to an agreement of the parties, entered into as part of the contract of sale of all seven properties to the plaintiffs, that required the defendants to release the properties upon payment according to an agreed formula and to adjust the principal balances accordingly. (Ex. A "Mortgage Insert") At the time of the sale in 1982, the plaintiffs did not assert that they were entitled to a credit for prepayment.
In 1983, the plaintiffs sold two more of the mortgaged properties and the principal balance was again reduced pursuant to the agreed payment formula. The defendants did not treat this transaction as a "prepayment" and, again, the plaintiffs did not demand a credit. The court concludes that until this suit was brought, the parties all had the same understanding that reductions of the balance by operation of the release mechanism did not constitute "prepayment" and did not entitle the plaintiffs to a credit.
The court finds that the transactions in 1982 and 1983 that resulted in reductions of the principal were not prepayments but were the subject of a separate arrangement, stated in Exhibit A, Mortgage Insert, concerning sales of mortgaged properties, with which the defendants complied and for which the plaintiffs received all the specified consideration.
Through some transaction that occurred in 1984 or 1985, a lump sum payment was made as to the principal. The plaintiff did not adduce evidence that permits the court to characterize this transaction with particularity. Mr. Jacobson testified that a foreclosure action was commenced and that the defendants received payment from the bankruptcy trustee after the defendants filed in bankruptcy in 1984. He further testified that the defendants treated the mortgage as having been paid in full as of an unspecified date in 1985. He was not asked whether the payment was the result of a judgment of foreclosure or as a result of some other transaction, however he testified that the balance due on the note was not accelerated. Another defendant, Richard Belford, had no independent recollection as to how the final payment came to be made. No documents were presented to establish that a foreclosure action had been filed, or that a judgment had been entered. CT Page 6918
Plaintiff Herbert Larson testified that about $94,000.00 was paid to the defendants in July 1985. He likewise was not asked how this payment came about. In their answer to the complaint, the defendants admitted paragraph four, in which the plaintiffs allege that "The plaintiffs have paid the mortgage in full."
By the terms of the second modification of the mortgage (Ex. F) the plaintiffs were required to make monthly payments in the reduced amount of $900.00, however the other provisions of the original note and mortgage were to remain in full force and effect. The court construes this agreement as having retained the original payment schedule, such that the monthly payments were due each month until October 1, 1988. On the basis of the admission that the mortgage obligation was paid in full and the testimony that payment was made in 1985, the court finds that the plaintiffs paid off the balance of the mortgage before the due date in a transaction which, unlike the two prior transactions, the defendants did not show to be subject to some other independent provision of the agreement between the parties. The agreement did not remove eligibility for a prepayment credit if the debtor ever missed a payment, and the court construes the agreement, in accordance with the testimony of Mr. Jacobson, to be that any payment that put the plaintiffs ahead of the agreed payment schedule was eligible for a prepayment credit, other than payments made by operation of some other obligation under the same contract. Since the defendants drafted the provision at issue, any claimed ambiguity will be construed against them. Sturman v. Stocha, 191 Conn. 1, 9 (1983).
The defendants have raised as a special defense the statute of limitations, 52-576 C.G.S. Since the plaintiffs brought suit to recover the credit for the July 1985 payment on May 16, 1991, the six-year statute of limitations applicable to claims based on written contracts had not expired. (Accordingly, it is not necessary for the court to consider the issue whether the plaintiff's bankruptcy filing tolled the statute of limitations).
As a result of the second sale of mortgaged property in 1983, the balance of the plaintiffs' debt to the defendants as of March 31, 1983 was $107,996.38. No evidence was presented as to the debt reduction schedule thereafter. For the time period from March 31, 1983 to July 1985, since monthly payments of $900.00 including interest were due, the plaintiffs were obligated to pay $25,200.00 (28 months X $900.00), such that the balance on July CT Page 6919 31, 1985, if all payments were made, would have been $82,796.38. Since the court has found that the mortgage was fully paid off in July 1985, the plaintiffs are found to have prepaid $82,796.38 entitling them to a credit in the amount of $4,139.82.
The defendants have raised several special defenses. The findings set forth above are dispositive of the first four special defenses. The fifth special defense is that the doctrine of res judicata precludes the plaintiffs from litigating their claim for a credit. The defendants allege that this claim "could have been raised and decided in the bankruptcy forum" and cannot therefore be pursued in this court. The defendants adduced no evidence in support of this claim, did not advert to it in oral argument, and have failed to file a brief to support the claim. The court therefore treats this special defense as having been abandoned. See 285A P.B.
Judgment shall enter in favor of the plaintiffs against the defendants in the amount of $4,139.82. The plaintiffs seek an award of interest pursuant to 37-3a C.G.S., which provides for interest for the detention of money after it becomes payable. Since it appears that the plaintiffs chose not to collect this asset while they were undergoing bankruptcy proceedings, and willingly preserved its pursuit until the bankruptcy was terminated in 1991, the court finds that they are entitled to interest only from May 16, 1991, that is $914.21.
The plaintiffs shall recover their court costs.
Beverly J. Hodgson Judge of the Superior Court