[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATIONS TO CONFIRM AND TO VACATEARBITRATION AWARD
Facts
The Plaintiff, State Board of Education, and Defendant, Federation, are parties to a Collective Bargaining Agreement (Agreement) effective July 1, 1989 and expiring June 30, 1992. This Agreement was extended for some period of time. The Agreement provides for settlement of disputes through a grievance and arbitration procedure, Article 21. That procedure provides in relevant part as CT Page 6595 follows: Article 21, Section Six(d). "The arbitrator's decision shall be final and binding on the parties . . .".
On April 2, 1993 Antoinette Maguire (Grievant) filed a grievance and claimed violation of Article 21 Sections One(a), (1) and (2). Article 6 Section Three(a)(3); and Article 7 Sections Two(a), (1), (2) and (3).
The matter was later submitted to arbitration and at the hearing before the arbitrator, held on September 21, 1994, the Plaintiff and Defendant agreed not to submit the same claims as in the grievance but they submitted the following stipulated issue for arbitration:
 Did the Board violate Article 6 (3)(a)(3) or Article 7(2)()a(1), (2), or (3) when it denied payment of contractual premiums to the grievant for services rendered during the clinical cycle, during the period September 21, 1992 through November 5, 1992? If so, what shall the remedy be?
The arbitrator's award dated November 30, 1994, stated as follows:
 "The grievance is upheld and the grievant shall receive $1,155.00."
The question presented to the arbitrator was not, as Defendant states, whether the contract was violated, but rather whether one or more of the sections of Articles 6 and 7 was violated.
In addition the question presented was not whether the grievance should be upheld but, again, only if there was a violation of one of the enumerated parts of Articles 6 and 7.[1]
 Law
The guide for the arbitrator is the agreement the parties have made, Malecki v. Burnham, 181 Conn. 211, 212, which is further limited by the submission. Vail v.CT Page 6596American Way Homes, Inc., 181 Conn. 449, 451.
The Agreement provides in Article 6 Section Three (a)(3)
 (3) Trade Instructors will be granted not less than three 3 preparation periods per week at least the length of the regular pupil period such time to be granted prior to the end of the students' official day.
Article 7 Section Two(a)(1), (2) and (3) provides as follows:
Section Two. Class Coverage.
 (a) In the event an employee with class room or shop responsibilities is absent, the Board will provide coverage for that classroom or shop in the following order of priority;
 (1) Substitute (except in cases where less than a full day is involved);
 (2) If no substitute is available, an employee on administrative time;
 (3) If no employee or administrative time is available, an employee on preparation time to be paid at the rate of 1/5th of the substitute's daily rate. Involuntary assignments of employees on preparation time will be rotated as equitably as practical. No employee will be required to give up more than one (1) preparation period in any week.
There is a subsection (4) but it was not submitted to the arbitrator. CT Page 6597
The Agreement uses the expressions grievance, complaint and dispute in Article 21 Section One(a)(1) and Section Six(e). The language of those two subsections is, in pertinent part, identical i.e. "violations, misinterpretations, or improper application of a specific provision or term of this Agreement." The only differences are in the first there is an "(s)" with the word "provision" and it is not followed by "or term"; and in the first it is "the Agreement" and in the second "this Agreement."
The arbitrator makes clear that "Article 7(2)(a)(1), (2) and (3) do not describe the situation in which the case falls" Arbitration Decision and Award (Decision) page 4.
He also makes clear that he decided this case based on "the existence of a past practice" and the Agreement Articles 21(1)(a)(2), Decision page 7. The problem is that the arbitrator cannot use that part of Article 21 because the Agreement specifically provides that "only disputes over the violation, misinterpretation or improper application of specific provision or term of this Agreement" may be sent to arbitration. Article 21 Section 6(e) and Section One (a)(1).
The award does not conform to the submission. No past practice question was submitted to him. He did not use past practices to interpret Article 7. Compare The MetropolitanDistrict Commission v. Council 4 AmericanFederation of State, County and Municipal Employees, Sup. Ct. J.D. of Hartford-New Britain #CV94-0705441 (6/7/95).
Motion to confirm is denied.
Motion to vacate is granted.
N. O'Neill, J.