[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE AND ARBITRATION AWARD
This action concerns a request by the plaintiff insurance company to vacate an arbitration award rendered in favor of the defendants on a claim for uninsured motorist coverage. The arbitration was sought under different policies issued to members of the defendant's household. The parties agree that the initial issue to be resolved by the this court is whether the submission to the arbitrators was restricted or unrestricted. "Where the submission is unrestricted, the award is . . . final and binding and cannot be reviewed for errors of law or fact," Carroll v.Aetna Casualty Surety Co., 189 Conn. 16, 19 (1983) citingMilford Employees Assn. v. Milford, 179 Conn. 678, 683,427 A.2d 859 (1980).
The plaintiffs argue, based on two clauses in the policies, that the submission was restricted and thus a de novo review is CT Page 2105 required. First, they argue that the phrase "legally entitled to recover damages" restricted the arbitrators to making their decision according to the prevailing laws of negligence.
This phrase appears three times in the two policies. The first policy states: "If we and insured do not agree: 1) Whether that person is legally entitled to recover damages . . . the insured may make a written demand for arbitration." (Exhibit A). That same policy also states: "Any decision agreed to by the arbitrator(s) will be binding as to: 1) whether the `insured' is legally entitled to recover damages. . . ." (Exhibit A). Finally, the second policy states: "If we and insured disagree whether the `insured' is legally entitled to recover damages from the owner or driver . . . either party may make a written demand for arbitration." (Exhibit B).
There is nothing about this phrase that makes this a restricted submission. This language merely describes the disagreement between the parties that gives rise to arbitration and the binding effect of the arbitrators' decision. Indeed, our Supreme Court has held that the phrase "legally entitled" does not restrict the submission. Carroll v. Aetna Casualty SuretyCo., supra, 189 Conn. 20-21.
The plaintiff's second major argument is that the statement "local rules of law as to arbitration procedure and evidence will apply"'[1] restricted the arbitrators to following the rules of evidence that apply in the Superior Court. Moreover, at short calendar, the plaintiffs argued that the evidentiary rules applicable in Superior Court are the only set of evidentiary rules in Connecticut. The defendants contend that this language is ambiguous and can be interpreted to mean that the applicable rules are the relaxed rules of evidence that are normally followed in an arbitration proceeding apply. See SaturnConstruction Co. v. Premier Roofing Co., 238 Conn. 293, 298,680 A.2d 1274 (1996) (holding that "arbitrators are accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission, which relieves the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision").
While it is possible to conclude that "local rules of evidence" means the judicial rules applied in the Superior Court, it is not the conclusion of this court. First, the insurance policies do not specifically state that judicial rules will CT Page 2106 apply. The plaintiffs drafted the policies and could have easily stated or required that the judicial rules of evidence, as applied in the Superior Court, apply to the arbitration proceeding. Additionally, the rules that apply in the Superior Court are not Connecticut's only rules of evidence. The evidentiary rules applicable to arbitration proceedings, as well as administrative hearings, are also "local rules" even if they are more relaxed and provide the trier with considerable discretion. Thus, because the phrase "local rules" is ambiguous, it is construed against the drafter; Hansen v. Ohio CasualtyInsurance Co., 239 Conn. 537, 542-43, ___ A.2d ___ (1996); and does not restrict the arbitrators' authority.
In sum, neither of the phrases relied upon by the plaintiffs restricted the arbitrators' authority and, therefore, the submission was unrestricted.