[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Plaintiffs' attorney has advised the court that he has withdrawn his claim for $750.00 in attorney's fees in count one of the complaint. Therefore, the only issue before the court is whether summary judgment should enter in favor of the plaintiffs on count two.
Count two is based upon a settlement agreement entitledShepard G. Schwartz v. Jerold B. Spitz, docket no. CV-96-0560024, which is set forth in the transcript of the hearing in which said CT Page 2868 settlement was produced before Aurigemma, J. on September 23, 1997. The agreement provides in pertinent part:
1. The plaintiff, Heather Schwartz, in lieu of profits of the P.T.D. corporation will receive two percent of gross sales for advertisements in the printed blue book which are advertisements relating to pharmaceutical advertising, a pharmaceutical book which is produced by said corporation. The corporation will have to provide a certificate within thirty days of the end of each calendar year certifying what the total advertising sales are in terms of pharmaceutical sales, and a check will be due for the appropriate percentage based on that certificate.
2. The minority shareholders of said corporation have agreed to allow Dr. Spitz or his designee to purchase their stock. This option is for five years from the date of the agreement and in the case of Heather Schwartz and Bud Beckerman upon payment to each in the amount of $300,000.00. The stock would be delivered within fifteen days of notification from Dr. Spitz or his designee of his desire to make the purchase.
The defendants exercised that option on June 19, 1998 by paying the option price of $300,000.00 to the plaintiff, Heather Schwartz. Plaintiff, Schwartz, claims that she is entitled to two percent of the gross sales up until the time of transfer of the stock on June 19, 1998, and defendants claim that she was no longer a stockholder at the end of the calendar year of 1998 and was, therefore, not owed any of the two percent aforementioned. The issue, then, is whether or not the agreement provided for payment of the two percent if the option to purchase the stock was exercised during the calendar year. The agreement is silent upon this issue.
 STANDARD OF REVIEW
Pursuant to Practice Book § 384 summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105, 639 A.2d 507 (1994).
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper, Inc., CT Page 2869193 Conn. 313, 317, 477 A.2d 1005 (1984).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995).
 DISCUSSION
Plaintiff cites Game A-Tron Corporation v. Gordon,2 Conn. App. 692, 694, 695 (1984) for the proposition that "where the terms of a contract are fairly susceptible of two or more interpretations, the one which is the more equitable, reasonable and rational is to be preferred."
However, also compelling is law that provides "a term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument." Texaco, Inc. v. Rogow, 150 Conn. 401, 408 (1963).
"In the absence of definitive language, what the parties intended is a question of fact to be determined by the trier of fact." Foley v. Huntington Company, 42 Conn. App. 712, 731 (1996) and Bead Chain Manufacturing Company v. Saxton Products,183 Conn. 266 (1981).
This court finds that what happens to the two percent of gross sales if the option to purchase stock is exercised during the calendar year is not expressly included in the agreement, and such a term does not arise by necessary implication from the provisions of the agreement.
Accordingly, this court finds that there is a genuine issue of material fact as to the intent of the parties on this issue. It is a determination that must be made by the trier of fact based upon all of the evidence. The motion for summary judgment is denied.
Rittenband, J.