UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL. *v.* JOHN C. HUTCHINSON, ADMINISTRATOR (ESTATE OF ROBERT M. HUTCHINSON), ET AL.
(SC 15790)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued January 15—officially released April 21, 1998

*John W. Lemega,* with whom was *Daniel P. Scapellati,* for the appellants (plaintiffs).

*Michael C. Jainchill,* with whom were *Kathryn Calibey, Douglas W. Hammond* and, on the brief, *James D. Bartolini,* for the appellees (defendants).

*Opinion*

BORDEN, J. The dispositive issue in this appeal involving an uninsured motorist arbitration award is whether the parties' submission to arbitration was unrestricted, where the insurance policy language (1) required the arbitrators to decide whether the insured was "legally entitled to recover damages," and (2) provided that "local rules of law as to arbitration procedure and evidence will apply."[1] The plaintiffs, United States Fidelity and Guaranty Company and Fidelity and Guaranty Insurance Company, filed an application in the trial court to vacate an arbitration award in favor of the defendants, John C. Hutchinson and Katherine Y. Hutchinson, the coadministrators of the estate of their son, Robert M. Hutchinson (decedent), in the amount of $1,300,000. The trial court determined that the submission to arbitration was unrestricted, denied the plaintiffs' application to vacate the arbitration award pursuant to General Statutes § 52-418,[2] and granted the

---

[1] The remaining claims raised by the plaintiffs, which are not relevant to this appeal, are that: (1) the trial court improperly refused to review the arbitration award for errors of fact and law; (2) the accident reconstruction expert was improperly allowed to testify as to the speed of the car; (3) the expert testimony regarding lost earning capacity was improperly admitted because it was without evidential foundation; and (4) there was no substantial evidence of proximate cause between the injury and the act. Because the plaintiffs have conceded, however, that if the submission was deemed to be unrestricted, then the remainder of their claims must fail, we need not address any specific evidentiary claims raised by the plaintiffs.

[2] General Statutes § 52-418 provides in relevant part: "Vacating award. (a) Upon the application of any party to an arbitration, the superior court for

defendants' application to confirm the award pursuant to General Statutes § 52-417.[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court. Upon the plaintiffs' motion, we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 4024, now Practice Book (1998 Rev.) § 65-2. We conclude that the submission was unrestricted, and we affirm the judgment of the trial court.

The undisputed material facts are as follows. The defendants sought to recover uninsured motorist benefits for the death of their decedent, who was a passenger in a motor vehicle that was involved in an accident and was operated by Brian Thompson. The defendants demanded arbitration of their claim. The plaintiffs and defendants agreed, pursuant to the arbitration clauses contained in three motor vehicle insurance policies issued by the plaintiffs to the decedent's family,[4] to

the judicial district in which one of the parties resides . . . any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

[3] General Statutes § 52-417 provides in relevant part: "Application for order confirming award. At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[4] The three insurance policies consisted of an individual automobile liability policy identifying John C. Hutchinson and Katherine Y. Hutchinson as named insureds, an individual automobile liability policy identifying Leigh Ann Hutchinson as the named insured, and a business automobile liability policy identifying John C. Hutchinson as the named insured. The insureds named in these policies were all members of the decedent's family.

submit the issues of liability and causation, contributory negligence and coverage to arbitration before a panel of three arbitrators.[5]

The arbitrators found that the evidence "clearly established that the motor vehicle operated by . . . Thompson . . . was an uninsured vehicle . . . and

---

[5] Two of the insurance policies contained arbitration clauses, which provided in relevant part:

"If we and an 'insured' do not agree:

"1. Whether that person is legally entitled to recover damages under Part C; or

"2. As to the amount of damages;

"the 'insured' may make a written demand for arbitration. . . .

"If the amount of damages the 'insured' demands exceeds $40,000 each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. In this event, each party will:

"1. Pay the expenses it incurs; and

"2. Bear the expenses of the third arbitrator equally.

"Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. *Local rules of law as to procedure and evidence will apply.* Any decision agreed to by the arbitrator(s) will be binding as to:

"1. Whether the 'insured' is *legally entitled to recover damages*; and

"2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which 'your covered auto' is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator(s) decision. If this demand is not made, the amount of damages agreed to by the arbitrator(s) will be binding." (Emphasis added.)

The arbitration clause contained in the third insurance policy provided:

"a. If we and an 'insured' disagree whether the 'insured' is *legally entitled to recover damages* from the owner or driver of an 'uninsured motor vehicle' or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

"b. Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. *Local rules of law as to arbitration procedure and evidence will apply.* A decision agreed to by two of the arbitrators will be binding." (Emphasis added.)

that there was no other insurance covering . . . Thompson for the operation of a motor vehicle." The panel also found that: (1) the accident was caused by Thompson's loss of control due to both speed and intoxication; (2) contributory negligence on the part of the decedent was not proven because there was no evidence to establish that he was on notice that Thompson was intoxicated when the decedent became a passenger in the vehicle; and (3) uninsured motorist coverage under the policies was limited to $1,600,000. The panel awarded $1,300,000 to the defendants as "a fair and reasonable amount of damages . . . ."

The plaintiffs then applied to the trial court to vacate the arbitration award alleging that the arbitrators had exceeded their powers by: (1) finding the coverage issues in favor of the defendants; (2) finding that the defendants were "legally entitled to recover damages" under the terms of the insurance policies; and (3) failing to comply with the provision of the policies that " '[l]ocal rules of law as to [arbitration] procedure and evidence will apply.' " The defendants filed an application to confirm the arbitration award, and asked the court to award interest from the date of the arbitration decision.

In the trial court, both parties agreed that the threshold issue was "whether the submission to the arbitrators was restricted or unrestricted," and they further agreed that if the submission was determined to be unrestricted, then the arbitration award would stand. The plaintiffs claimed that two clauses in the insurance policies rendered the submission restricted, in which case the trial court was required to conduct a de novo review. Specifically, the plaintiffs argued that the phrase "legally entitled to recover damages" restricted the arbitrators to making their decision according to the prevailing laws of negligence, and that the clause "local rules of law as to arbitration procedure and evidence will

apply"[6] restricted the arbitrators to following the rules of evidence that apply in the Superior Court. The defendants maintained that, under controlling case law, the submission is unrestricted.

The trial court disagreed with the plaintiffs' contentions and concluded that the submission was unrestricted. Specifically, that court reasoned that our decision in *Carroll* v. *Aetna Casualty & Surety Co.*, 189 Conn. 16, 20–21, 453 A.2d 1158 (1983), controlled the submission at issue, because in that case we concluded that the phrase "legally entitled to recover damages" did not restrict the submission. The trial court also concluded that the phrase "local rules of law as to arbitration procedure and evidence" was ambiguous, and construed the phrase against the plaintiffs, who were the drafters of the insurance policies. Accordingly, the trial court denied the plaintiffs' application to vacate the arbitration award, granted the defendants' application to confirm the arbitration award, and awarded interest at the statutory rate. This appeal followed.

On appeal, the parties agree, as they did in the trial court, that, if we determine that the submission is unrestricted, then the award of the arbitrators must be sustained. The plaintiffs argue that the trial court improperly concluded that the submission to the arbitration panel was unrestricted. They contend that the two provisions at issue, namely, the phrases "legally entitled to recover" and "local rules of law as to arbitration procedure and evidence apply," created a restricted submission based on our case law. The defendants argue, to the contrary, that *Carroll* is the controlling precedent, thus causing this submission to be unrestricted. We agree with the defendants.

---

[6] This language is present in one of the insurance policies. In the other two insurance policies, however, the word "arbitration" is omitted. This omission does not affect our analysis of this provision.

"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators. *Waterbury* v. *Waterbury Police Union*, 176 Conn. 401, 403, 407 A.2d 1013 (1979). Where the language of the arbitration clause indicates an intention on the part of the parties to include all controversies which may arise under their agreement, and where the record reveals no specific questions which the parties submitted to the arbitrator, the submission will be construed as unrestricted. *Malecki* v. *Burnham*, 181 Conn. 211, 213, 435 A.2d 13 (1980)." (Internal quotation marks omitted.) *Carroll* v. *Aetna Casualty & Surety Co.*, supra, 189 Conn. 20. A submission is deemed restricted "only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." *Garrity* v. *McCaskey*, 223 Conn. 1, 5, 612 A.2d 742 (1992).

" 'Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.' " *Saturn Construction Co.* v. *Premier Roofing Co.*, 238 Conn. 293, 304, 680 A.2d 1274 (1996). "Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 186, 530 A.2d 171 (1987); *Carroll* v. *Aetna Casualty & Surety Co.*, supra, 189 Conn. 19. The resulting award can be reviewed, however, to determine if the award conforms to the submission. *Garrity* v. *McCaskey*, supra, 223 Conn. 4. "Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed

to have assumed the risks of and waived objections to that decision. . . . It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." (Citations omitted.) *American Universal Ins. Co.* v. *DelGreco*, supra, 186–87. The significance, therefore, of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the *submission* tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision.

In *Carroll* v. *Aetna Casualty & Surety Co.*, supra, 189 Conn. 19 n.5, the insurance policy provided in relevant part: " 'If any person making claim hereunder and the Company do not agree that such person is *legally entitled to recover* damages . . . or do not agree as to the amount of payment which may be owing under this Coverage, then, upon written demand of either, the matter . . . shall be settled by arbitration . . . .' " (Emphasis added.) The insurer in *Carroll* made the identical argument that the plaintiffs make in the present case, namely, that because the arbitrators were required to decide according to law, the submission was restricted and subject to an enhanced standard of review. Id., 19. We concluded in *Carroll* that "[t]he language of the submission . . . clearly delegates all disputed issues to binding arbitration, and can therefore only be construed as unrestricted." Id., 20.

Although they acknowledge that the nearly identical language in *Carroll* was deemed to have created an unrestricted submission, the plaintiffs assert that our subsequent definition of the phrase " 'legally entitled to collect damages' " in *Williams* v. *State Farm Mutual*

*Automobile Ins. Co.*, 229 Conn. 359, 367, 641 A.2d 783 (1994), has, in effect, overruled *Carroll*, so that the phrase now creates a restricted submission. We are unpersuaded.

As the plaintiffs correctly note, *Williams* defines the phrase "legally entitled to collect damages" with respect to an uninsured motorist claim. In *Williams*, we stated that the phrase " '[l]egally entitled to collect damages from the owner or driver of an uninsured motor vehicle,' means . . . (1) that the other motorist was uninsured; (2) that the other motorist was legally liable under the prevailing law; and (3) the amount of liability." Id., 367–68. The issue in *Williams*, however, did not involve the question of the scope of judicial review of an arbitration award but, rather, involved a choice of law issue. Id., 365. Thus, it was in the context of determining whether the substantive law of New York or Connecticut controlled that we defined the phrase. Because it was not relevant to the resolution of the appeal, we did not cite to *Carroll* in that decision.

Moreover, the fact that we gave the phrase further substantive content in *Williams* does not convert the submission in the present case into a restricted submission to arbitration for purposes of defining the scope of judicial review, as the plaintiffs suggest. In *Williams*, we simply gave more detailed meaning to the phrase "legally entitled to collect damages." That more detailed articulation of the arbitrators' task in deciding the case submitted to them, however, neither expanded nor contracted the fundamental meaning of that phrase. Instead, we articulated what that language had always meant. The meaning of that phrase had not changed since our decision in *Carroll*, when we concluded that "[t]he language of the submission . . . clearly delegates all disputed issues to binding arbitration . . . ." *Carroll* v. *Aetna Casualty & Surety Co.*, supra, 189 Conn. 20. Finally, we do not agree that *Carroll* was

improperly decided. We decline, therefore, the plaintiffs' invitation to overrule *Carroll*. Accordingly, the plaintiffs' attempts to use the definition provided in *Williams* to restrict the arbitration submission in the present case must fail.

Next, we must determine whether the phrase "local rules of law as to arbitration procedure and evidence will apply," creates a restricted submission for purposes of judicial review. We conclude that it does not. Since approximately 1990, this phrase has been standard in automobile insurance policies dealing with uninsured motorist coverage in Connecticut. 2 A. Widiss, Uninsured and Underinsured Motorist Insurance (2d Ed. 1992), appendix A, p. 116.[7] The plaintiffs contend that the phrase is unambiguous, and that a reasonable construction of the language requires application of the judicial rules of evidence. The defendants argue that this provision is ambiguous because there can be multiple sets of local rules, depending upon the forum, including local federal courts, local state courts, administrative proceedings and arbitration proceedings. The defendants further argue that the plaintiffs, as the drafters of the insurance policies, could have specified more clearly which rules apply, as the insurer did in *Boyce* v. *State Farm Ins. Co.*, 34 Conn. App. 40, 640 A.2d 135, cert. denied, 231 Conn. 905, 648 A.2d 150 (1994). In that case, the insurance policy specified that "[s]tate *court* rules governing procedure and admission of evidence shall be used." (Emphasis added.) *Boyce* v. *State Farm Ins. Co.*, Conn. Appellate Court Records & Briefs, December Term, 1993, Record p. 18. We agree with the defendants.

The trial court found that the phrase was ambiguous because the plaintiffs could have identified specifically

---

[7] The language in the arbitration provision of the defendants' insurance policies is substantially equivalent to the standard form contract. 2 A. Widiss, supra, appendix A, p. 116.

the rules that should apply, and the rules applicable in the trial court are not Connecticut's only rules of evidence. Furthermore, the trial court reasoned that because the more relaxed evidentiary rules that provide the trier with considerable discretion in arbitration proceedings; see *Saturn Construction Co.* v. *Premier Roofing Co.*, supra, 238 Conn. 298; are also considered "local rules," it is not clear from this language that the rules of evidence applicable to trials in state courts must be applied by the arbitrators. We agree with the trial court in this regard. Accordingly, we conclude that the phrase did not operate to render the present submission restricted.

The judgment is affirmed.

In this opinion the other justices concurred.