[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Wilcox Trucking, Inc. has moved to modify a certain arbitration award rendered on December 7, 1998. The defendant moved to reduce the award from $60,651.95 to $12,430.76.
Specifically, the Arbitrator awarded $31,000.00 in contract damages and $17,221.19 in prejudgement interest based in part upon a breach of contract theory and in part upon a negligence theory. In opposing the modification of the arbitration award, plaintiff strongly urges the Court to confirm the award in its entirety and in the alternative, but far less enthusiastically, the plaintiff urges the Court to set aside the entire award.
 Procedural History
In January of 1995, the plaintiff filed a five count complaint. Subsequently, the defendants filed responsive pleadings to the complaint.
On June 6, 1997, the plaintiffs and defendants jointly filed a "motion for referral to ADR in accordance with stipulation" based upon a "stipulation for referral to alternative dispute resolution" that was signed by all parties. That agreement provided that "the parties hereby agree . . . to submit this matter, including all issues set forth in the complaint, a copy of which is attached hereto as Exhibit A, as well as all defenses and counterclaims thereto to alternative dispute resolution before the American Arbitration Association or some CT Page 5593 other qualified arbitrator agreed to by the parties
A year later, on June 24, 1998, the parties mutually agreed that the arbitration would be in front of a single attorney arbitrator rather than following the procedures of the American Arbitration Association.
The six-day arbitration proceeding began on June 24, 1998, and continued sporadically over the course of more than a month. On December 7, 1998, the arbitrators issued his written findings and award and provided a copy to all parties. On December 15, 1998, the defendants filed the instant motion. On December 18, 1998, the plaintiffs filed their related motion to confirm arbitration.
 Discussion
"Arbitration is a creature of contract and the parties themselves, by terms of the submission, define the powers of the arbitrators". United States Fidelity and Guarantee Company vs.Hutchinson, 244 Conn. 513, 519 (1998). A party can only be forced to arbitrate those issues which it agreed to submit to the arbitrator. Scinto v. Sosin, 51 Conn. App. 222, 227 (1998),cert. denied, 247 Conn. 963 (1999).
The scope of judicial review of an arbitration award is greatly affected by whether the submission was "restricted" or "unrestricted". Garrity vs. McCasky, 223 Conn. 1, 4 (1992).
Our Supreme Court has held in United States Fidelity andGuarantee Company vs. Hutchinson, supra, 244 Conn. 520 that:
 "The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision."
In the case before the Court the submission does not specify a standard of proof or place any conditions or limitations on the arbitrator's authority to decide the issues submitted. CT Page 5594 Accordingly, the Court finds that the submission was unrestricted.
When a submission is unrestricted, our Supreme Court has held that three grounds exist for vacating an award:
1. The award rules on the constitutionality of the statute;
2. The award violates clear public policy; or
3. The award contravenes general statutes § 52-418. Garrityvs. McCasky, supra 223 Conn. 6.
There is no claim by either party that this award rules on the constitutionality of the statute, nor is there a claim by either party that the award violates clear public policy. Accordingly, in examining this award, the Court is left to an examination of Connecticut General Statutes 52-418.
The court, in determining whether the arbitrators have exceeded their power, must compare the award with the submission. Taldor, Inc. vs. Thornton, 191 Conn. 336 (1983), Aff'd 472 U.S. 703 (1985). Further, the party challenging an award in arbitration bears the burden of demonstrating that the award is inconsistent with the submission. Metropolitan Districtvs. AFSCME, Counsel 4, Local 184, 237 Conn. 414, 419 (1996).
The parties entered into an arbitration agreement which provided as follows:
 "7. The arbitrator shall determine liability, as well as damages, if any, as to all issues presented.
 8. The arbitrator shall apply the substantive law of the State of Connecticut in determining liability and damages as to the issues presented. . . .
 14. The arbitrator shall be empowered to grant any remedy or relief in accordance with the parties statement of position. . . ."
In pertinent part, the plaintiffs' statement of position set forth in a letter to the arbitrator, Attorney Ryan, and dated June 23, 1998, provided the following:
CT Page 5595 1. The value of the services rendered by the plaintiff to the defendant in allowing the deposit of materials on their property . . .
 2. The diminution in value of the plaintiff's real property due to the defendants negligent destruction of the Connor's septic system. . . .
 3. Consequential damages (see #1 and #2) as well as attorneys' fees and punitive/exemplary damages as a result of fraud. . . .
 4. or such other equitable relief as is deemed appropriate."
David R. Wilcox, Sr.[1] and Wilcox Trucking, Inc. filed aposition statement which included the following relevant paragraphs.
 "17. In 1993, the Connor's filed a lawsuit in Superior Court against Mr. Wilcox, Jr., WTI and Mr. Wilcox, Sr., claiming that the defendants were obligated to topsoil and seed the property. The lawsuit further sought recovery from WTI based on the theory that the Connors had provided valuable services to WTI in allowing the disposition of fill on the property.
 18. Contrary to the Connors claims, the defendants were in no way enriched by the fill project. To the contrary, if the plaintiffs' had not requested WTI to deposit the fill material on the property, WTI would have taken the material to a recycling plant in nearby Chicopee."
Finally, David Wilcox, Jr., submitted a position statement
which read as follows:
 "David Wilcox, Jr. and Keith Connors agree that a contract was entered into in the winter of 1990. The terms and conditions of the contract have not been agreed to. David Wilcox complains that nothing was ever done to compensate him for the work he performed on Keith Connor's property.
The issues which remain are: CT Page 5596
1. the terms and conditions of the first contract;
 2. whether the first contract was breached by Keith Connors;
 3. whether a second contract was entered into for the terms and conditions of the second contract; and
5. the damages sustained by David Wilcox, Jr.
In the findings and award by the arbitrator dated December 7, 1998, the arbitrator described the submission as follows:
 1. The plaintiffs and defendants agree to resolve all issues concerning a lawsuit commenced by summons and complaint dated January 4, 1995 in the judicial district of Hartford at Hartford, under Docket No. CV-94-0704871S to private, unrestricted and binding arbitration. The arbitration agreement was set forth in writing and signed by the plaintiffs (Keith Connors and Sherry Connors), and defendants (David R. Wilcox, Jr., David R. Wilcox and Wilcox Trucking Company, Inc.)
In response to that submission the arbitrator made the following award:
 "Cost of completion — $31,000.00, prejudgment interest — $16,534.12 driveway damage — $1,290.14, prejudgment interest — $688.07 loss of use and enjoyment — $7,500.00, arbitration fees — $3,640.62."
The complaint in the underlying court action was brought in five counts. The first count was a claim of fraud and misrepresentation, alleging that the defendants fraudulently induced the plaintiffs into allowing WTI to deposit clean fill on the plaintiffs' residential property. The complaint alleges that the defendants made the promises knowing them to be false and that the plaintiffs were thereby entitled to "the reasonable value of the services provided by the plaintiffs in an amount in excess of $250,000.00."
The second count sounds in negligence alleging that the actions of Mr. Wilcox, Sr., as alleged in the first count, resulted in a "substantial interference with the plaintiffs use and enjoyment of their property." The third count is against CT Page 5597 WTI, alleging that the defendant should be held vicariously liable for alleged misrepresentations of Mr. Wilcox, Sr. The fourth count is a CUTPA count against all defendants, alleging that the acts alleged in the first, second and third counts constitute a violation of Section 42-110, et seq. of the Connecticut General Statutes. The fifth count is a claim of negligence against WTI, alleging that WTI caused damage to the plaintiffs' property in the course of performing work thereon.
The defendant Wilcox, Jr., filed an answer and special defense denying the plaintiffs' allegations and contending that the deposition of fill was a valuable service provided to the plaintiff in return for certain (unfulfilled) obligations.
The court starts by accepting the arbitrator's framing of the issues submitted as being a proper and appropriate statement of the issues before him. It appears to the Court that there can be little argument that the arbitrator awarded $31,000.00 on a breach of contract theory. He then awarded $16,533.12 for wrongful withholding of payment which is based upon the breach of contract, and $688.07 for wrongful withholding based upon negligence.
The ultimate question facing the court is whether the arbitrator's granting of a contract recovery and prejudgment interest is within the matters submitted to the arbitrator in view of the language of the pleadings in the court case. The party challenging an arbitration award bears the burden of demonstrating that the award is inconsistent with the submission. Metropolitan District Commission vs. AFSCME, Counsel4, Local 184, 237 Conn. 114, 119 (1996). The same case holds:
 "In the absence of a showing of a violation of [General Statute § 52-418], the Court should not interfere with the arbitral decision. . . . In addition, [e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrator's acts and proceedings." [citation omitted, internal quotation marks omitted.] id, 118-119.
The court finds that the submission here is subject to more than one reasonable interpretation. Accordingly, the submission contains an ambiguity. See, e.g., Stamford Ridgeway Associatesvs. Board of Representatives, 214 Conn. 407, 428 (1987). Therefore, unless the court determines from other evidence that CT Page 5598 the submission limited the arbitrator, the award must be confirmed as to the contract damages.
The Appellate Court has held
 "To give meaning to contracts, courts interpret the intent of the parties by construing the whole contract and all relevant provisions together . . . in construing contract terms, the court seeks to effectuate the intent of the parties . . . to ascertain the parties' intent, the court considers not only the language used in the contract, but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish." Harvey vs. Daddona, 29 Conn. App. 369, 375 (1992).
After full consideration, the court concludes that an award for contract damages was within the submission.
Section 37-3a Prejudgment Interest.
If, as this court has ruled, the contract claim was within the submission, it appears clear to the court that the § 37-3a
prejudgment interest was within the submission. Essentially, the defendant argues either that the § 37-3a prejudgment interest was wrongly awarded, or that it was not asked for and argued at the arbitration. Even if there claim were correct, the court in this unrestricted submission may not review errors of law or fact. The court finds that the awarding of interest, whether correctly or incorrectly, was within the submission and must be affirmed.
By,
Kevin E. Booth, J.