[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] APPLLCATION TO VACATE ARBITRATION AWARD
1. Introduction
Pursuant to Connecticut General Statute Sections 52-418 and CT Page 661752-420, the plaintiff Wethersfield Federation of Teachers ["WFT"] filed this motion to vacate an arbitration award from the American Arbitration Association in favor of the defendant, Wethersfield Board of Education ("BOE").
2. Background
This dispute was first brought before the American Arbitration Association on May 7, 1997.
This submission to the arbitrator was as follows:
 "Did the Board of Education violate § 5.1.6 of the Collective Bargaining Agreement by investigating the circumstances surrounding Lynn Kielbowicz's effort to use sick leave on April 25 and 26, 1996." "If so, what shall be the remedy?"
Facts
The facts are not seriously in dispute. The court regards this as an unrestricted mission and accordingly adopts the facts as found by the arbitrator.
The grievant is a teacher who has been employed by the Wethersfield Board of Education for 27 years. In March of 1996 she was injured in a home accident. In 1996 the dates April 21 to April 25 were scheduled as a school vacation. Because of an unusual number of snow days, Thursday, April 24 and Friday, April 25 were eventually added to the normal school year. The Board, in consultation with the Federation, announced a procedure by which teachers who had previous commitment could be absent those days without pay.
The grievant, as a result of her home injuries, claimed to be absent for medical reasons on Thursday the 24th and the Friday the 25th. Medical absence would be with pay.
When calling to report her illness, the grievant had indicated that her substitute could call her at home with questions. The assistant superintendent, apparently motivated by the fact that the illnesses occurred on originally scheduled vacation days, tried to call the grievant once on Thursday and once on Friday and got no answer. He then drove to the grievant's house and rang her bell. He received no response. He saw a CT Page 6618 neighbor and asked if the neighbor had seen the grievant. The neighbor said the people had been around but he wasn't sure whether he had seen the grievant. The bargaining unit claims that the assistant superintendent "interrogated" neighbors. The only finding is that one neighbor was asked if he had seen the grievant. The bargaining unit claims that the assistant superintendent looked in windows. The arbitrator found that he did not look in windows nor did he go to the back of the house,.
In attempting to confirm the grievant's story about her fall, the assistant superintendent asked for documentation of her illness. He asked for rather extensive documentation but insists that this was information which was offered by the grievant in their first conversation.
Following a review of the information, the grievant was notified that she had satisfactorily substantiated her reason for claiming sick leave on April 25 and 26.
The specific contractual provision referred to in the submission § 5.1.6 reads as follows:
 After more than five consecutive school days of absence, a medical certificate from a physician may be required before the employee can qualify for the income protection provisions of this article.
Discussion
"Arbitration is a creature of contract and the parties themselves, by the terms of the submission, define the powers of the arbitrators." United States Fidelity and Guarantee Company v.Hutchinson, 244 Conn. 513, 519 (1998). The scope of judicial review of an arbitration award is greatly affected by whether the submission was "restricted" or "unrestricted" Garrity v. McCasky,223 Conn. 1,4 (1992). Our Supreme Court has held:
 "The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do but to determine the scope of judicial review of what they have done. . . . The determination by the court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrator's decision. United States Fidelity andCT Page 6619 Guarantee Company v. Hutchinson, sut, ra, 244 Conn. 520.
In the instant case, the parties disagree on the breadth of the submission. However, neither party claims that this submission specifies a standard of proof or places any conditions or limitations on the authority to decide the issue as submitted.
Accordingly, the court finds that the submission was unrestricted.
When a submission is unrestricted, grounds for vacating an arbitration award in Connecticut are as follows:
1. The award rules on the constitutionality of a statute.
2. The award violates clear public policy.
3. The award contravenes General Statute § 52-418.Garrity v. McCasky, supra, 223 Conn. 6.
The union first claims that the arbitrator conducted off the record discussions with both counsel regarding the proceedings and indicated her disfavor with the plaintiffs questioning. Then, that this disfavor led her to favor the respondents and prejudice the rights of the plaintiff. Assuming for the sake of this opinion that counsel's representation concerning the off the record comment is accurate, Section 52-41 8(a)(2) provides the award may be vacated if the reviewing court finds that "there has been evident partiality or corruption on the part of any arbitrator." Evident partiality can only be found when the party claiming bias can demonstrate "actual bias, rather than mere potential bias" on the part of the challenged decision maker.Rado v. Board of Education, 216 Conn. 541, 556 (1990).
In a Superior Court decision, Hartford Police Union v.Hartford, CV 930704664, 1995 WL 235153 at 9 (Conn.Super.Ct. April 13, 1995). The court noted that a moving party had not established the arbitrator's evident partiality" because there were no allegations of bias based upon her personal or business dealings, community activities, or prior arbitral work. The court concluded that despite a "pointed colloquy" with the Union's lawyer, the arbitrator had not displayed any "favoritism, prejudgment on the merits or any other loss of impartiality."
While acknowledging that this court is not bound to follow CT Page 6620Police Union v. Hartford the court finds the opinion well reasoned and accordingly finds that the claim that the arbitrator prejudiced the rights of the plaintiff is unfounded. The submission to arbitration questions whether the Board of Education violated
Sec. 5.1.6 of the Collective Bargaining Agreement. By its terms, Sec. 5.1.6 allows the Board to request a medical statement from a doctor, justifying sick leave, when a teacher is absent for five or more days. There is no claim that the grievant in the present case was absent for five or more days. The arbitrator found:
 "Since a grievant was not absent for five days, a reasonable reading of the contract indicates that Section 5.1.6 does not apply to this situation and cannot have been violated."
Apparently, the plaintiff would have the arbitrator's decision end there. However, it is clear on its face that Sec. 5.1.6 does not directly apply to the grievant's situation for the reason set forth by the arbitrator. It appears fair to say that the question which the parties were reasonably presenting to the arbitrator was whether the contract as a whole, including inferences which could be from Section 5.1.6, prohibited the investigatory efforts of the assistant superintendent. Following an extensive review, which the court finds to be within the submission, the arbitrator found that there was no contractual violation.
The arbitrator's decision is confirmed. The application to vacate arbitration is denied.
By the Court,
Kevin E. Booth, J.