[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
The plaintiff, the Waterbury Police Union, AFSCME, Council #15, Local #1237, AFL-CIO and the defendant, the City of Waterbury, are parties to a collective bargaining agreement covering the period July 1, 1995, to June 30, 2000. On or about February 27, 1997, the plaintiff filed a grievance which was eventually submitted to the State Board of Mediation and Arbitration. In its grievance, the plaintiff contended that the defendant was miscalculating pension benefits and that this resulted in under payments to retired police officers. On May 5, 1999, the arbitration panel denied the grievance, finding that it was nonarbitrable.
Subsequently, on May 24, 1999, the plaintiff filed an application in this court to vacate the arbitration award alleging that the arbitrators exceeded the power given to them under General Statutes § 52-418(a)(4). The plaintiff further contends that the arbitrators exceeded their authority in finding the grievance to be nonarbitrable and that the arbitrator's conduct was in manifest disregard of the law. The parties filed a stipulation of facts with exhibits attached. (Stipulation.) Both parties filed memorandums of law in support of their respective positions.
 DISCUSSION
"A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding." Middlesex Insurance Co. v.CT Page 11690Castellano, 225 Conn. 339, 344, 623 A.2d 55 (1993). "Judicial review of arbitral decisions is narrowly confined." Stratford v. InternationalAssn. of Firefighters, AFL-CIO, Local 998, 248 Conn. 108, 114,728 A.2d 1063 (1999). "Because [the court favors] arbitration as a means of settling private disputes, [the court undertakes] judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) Id., 115. "One of the principal reasons for this deference is that the scope of [the court's] review is expressly limited by § 52-418 . . . and, sometimes, by the terms of the parties' agreement. . . ." (Citations omitted.) Id. "[The court] has stated on numerous occasions that arbitration is a creature of contract. . . . Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and [the court does] not substitute [its] own judgment merely because [its] interpretation of the agreement or contract at issue might differ from that of the arbitrator." Id., 116. "[The] courts favor arbitration as a means of settling differences and uphold the finality of arbitration awards except where an award clearly falls within the proscriptions of § 52-418 of the General Statutes."[1] (Internal quotation marks omitted.) Exley v. ConnecticutYankee Greyhound Racing, Inc., 59 Conn. App. 224, 228, ___ A.2d ___ (2000).
The parties provided the following joint issue for submission at arbitration: "Is Case No. 9697-A-1779 arbitrable?" The panel of arbitrators, upon review of the testimony and exhibits received, ruled that the defendant has no duty to bargain over benefits for those outside the bargaining unit and, therefore, held the grievance to be not arbitrable.
The plaintiff argues that the arbitrators exceeded their authority by refusing to rule on the merits of the dispute that was submitted to them. The plaintiff argues that it has the right to use the grievance arbitration procedure to enforce the pension provisions in Article XXIII of the collective bargaining agreement and contends that it is not seeking to bargain over new or changed benefits, but instead is seeking to enforce pension benefits on behalf of retired employees. The plaintiff also argues that the arbitrators exceeded their authority by issuing an award that does not conform to the arbitration clause in the parties' collective bargaining agreement.
The defendant argues that the case is not arbitrable because the plaintiff has no right to bargain for retirees who are not part of the plaintiff's bargaining unit. Further, the defendant claims that there are no provisions in the collective bargaining agreement that allow the plaintiff to file grievances for miscalculation of pension benefits on CT Page 11691 behalf of retirees.
"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators." (Internal quotation marks omitted.) United States Fidelity GuarantyCo. v. Hutchinson, 244 Conn. 513, 519, 710 A.2d 1343 (1998). "Arbitration is created by a contract between the parties, referred to as the agreement of submission. The written submission defines the powers of the arbitrator, and the parties are bound by the limits they have fixed. It is the submission that generally controls the parties' rights on judicial review." Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24, 27,578 A.2d 167, cert. denied, 216 Conn. 821, 581 A.2d 1054 (1990).
"When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of . . . judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." (Internal quotation marks omitted.) Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, supra, 248 Conn. 114-15. "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Internal quotation marks omitted.)AFSCMB, Council 15, Local 3153 v. Newtown, 49 Conn. App. 443, 451,717 A.2d 759 (1998).
The court must first determine whether the submission was restricted or unrestricted. "The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of the issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted. . . ." Exley v. ConnecticutYankee Greyhound Racing, Inc., supra, 59 Conn. App. 229. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." Stratford v.International Assn. of Firefighters, AFL-CIO, Local 998, supra,248 Conn. 114.
In this case, the arbitration provision in Article XVI of the contract provides in part that "the decision of the arbitrator, or of the CT Page 11692 Arbitration Panel. . . . shall be final and binding on both parties. The authority and the decision of the Arbitrator, or of the Arbitration Panel, shall be limited to the interpretation and application of the provisions of this Agreement. The said Arbitrator or Arbitration Panel shall have no authority to add to, or subtract from, this Agreement." (Stipulation, Exhibit 2, p. 30.)[2] The submission does not restrict the arbitrators' authority to interpret the provisions of the agreement, nor does it reserve rights or condition the award on judicial review. In the absence of such language, the court finds that the scope of the parties' submission to arbitration was unrestricted.
"Even in the case of an unrestricted submission, [the court has] . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) Stratfordv. International Assn. of Firefighters, AFL-CIO, Local 998, supra,248 Conn. 114-15. The plaintiff relies on the third ground.
"[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to52-418 (a)(4) because the arbitrator has exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." (Internal quotation marks omitted.)Garrity v. McCaskey, 223 Conn. 1, 10, 612 A.2d 742 (1992). In this case, the plaintiff is arguing that the arbitrators exceeded their authority by refusing to rule on the merits of the dispute that was submitted to them and further, that the arbitrators exceeded their authority by issuing an award that does not conform to the arbitration clause in the parties' collective bargaining agreement.
The plaintiff claims that it has the right to enforce the agreement for the benefit of officers who retired during the term of the agreement and are entitled to the retirement benefits set forth in the pension provisions of Article XXIII of the agreement. Article XXIII details the retirement benefits available to "employees" and "police participants." Section 2 of this article states that the term "`employee' shall be defined as per Article 1, Section 1 hereof . . . and shall include the term `police participant' as that term is utilized and defined in . . . Chapter 27 of the Charter [of the City of Waterbury] and shall also include the term `participant' as utilized in succeeding sections of this Article." (Stipulation, Exhibit 2, p. 42.) In Article 1, Section 1, the term `employee' is defined as personnel who are "uniformed and investigatory members of the Waterbury Police Department who are covered by the bargaining unit referred to herein; which bargaining unit, the parties agree, includes all such positions occupied by uniformed and CT Page 11693 investigatory personnel up to, and including, the rank-classification of Chief Inspector. . . ." (Stipulation, Exhibit 2, p. 2.) The term `police participant' is not specifically defined in the agreement and Chapter 27 of the Charter of the City of Waterbury is not included in the record.
In Garrity v. McCaskey, supra, 223 Conn. 10, the court emphasized, however, "that the `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." The court reasoned that this principle is an important safeguard of the integrity of alternate dispute resolution mechanisms. Id. "The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 293, 305, 680 A.2d 1274 (1996). "The term `disregard' implies that the arbitrator appreciate the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." (Internal quotation marks omitted.) Garrity v. McCaskey, supra, 223 Conn. 9.
Even if the arbitrators had made an error or misconstrued the law, this would not necessarily amount to a violation of § 52-418(a)(4). In Connecticut, the courts have not decided whether a union can enforce benefits for retirees who retired during the term of an agreement currently in effect.[3] The arbitrators based their decision on the agreement, testimony and exhibits and concluded that the dispute was not arbitrable. Although there is an argument that retirees were meant to be covered by this collective bargaining agreement, to conclude to the contrary would not rise to the threshold level of reversible error. This misconstruction of the agreement or of the law by the arbitrators would not amount to such an egregious or patently irrational rejection of clearly controlling legal principles. Garrity v. McCaskey, supra,223 Conn. 11.
The standard is extremely narrow and meant to give deference to arbitrators' decisions, unless such a `manifest disregard of the law' is found to exist. The court will not vacate an arbitration award simply because the parties disagree as to the proper application of the law. "It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." (Internal quotation marks omitted.) UnitedCT Page 11694States Fidelity Guaranty Co. v. Hutchinson, supra, 244 Conn. 520. Here, the plaintiff has not met the narrow standard set forth by the courts to vacate an arbitration award. Further, the award conforms to the submission and, therefore, it was unnecessary for the arbitrators to reach the merits of the dispute.
The court finds that the arbitration award in question is not subject to vacatur under General Statutes § 52-418(a)(4) or under the "manifest disregard" rule. Accordingly, the plaintiff's application to vacate arbitration award is denied.
So ordered. September 22, 2000.
BY THE COURT
PETER EMMETT WIESE, J.