[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These two actions have been ordered consolidated since they involve the same parties and the same arbitration proceeding. In the action with the docket no. CV00-007 1161S, the plaintiff has filed an application with the court to vacate portions of an arbitration award involving a contractual dispute with the defendant and the defendant has filed an application to confirm the arbitration award. In the action with the docket no. CV01-0074544S, the plaintiff has filed an application to confirm selected portions of the same arbitration award.
The defendant is the franchiser for Subway sandwich stores. On February 1, 1986, the plaintiff entered into a written contract with the defendant entitled "Development Agent Agreement." Pursuant to the agreement, the plaintiff was granted the right to develop and service Subway sandwich shops in certain specified counties in the state of Florida. On or about May 14, 1991, the parties signed an addendum to the Development Agent Agreement.
The parties dispute involves two clauses of the Development Agent Agreement: the so-called "bonus and penalty clause" and the "expense sharing clause." The plaintiff claims that the defendant took actions in contravention of each of these provisions.
The bonus and penalty clause is contained in paragraph 2c of the Development Agent Agreement. Paragraph 2c establishes a schedule for the development by the development agent of a specific number of stores in his territory. The bonus and penalty clause of that paragraph provides CT Page 7242 that "If the Development Agent is ahead in the performance of his schedule, the Company shall pay him an extra $100 per month for each store that he is ahead. If he is behind schedule, he shall pay the Company $100 per month for each store that he is behind."[1]
It is undisputed that at some point the defendant stopped paying bonuses to development agents who had previously reached the last date specified in their development schedules. The plaintiff claims that the defendant breached the Development Agent Agreement by ceasing the payment of bonuses to him after January 1, 1996. The plaintiff contends that the Agreement requires the payment of bonuses for the entire term of the contract. The defendant asserts that the bonus and penalty clause of the Development Agent Agreement only requires the payment of bonuses during the development phase of the agreement and that once the development schedule ends no further payment of bonuses is required.
A number of development agents who had contractual arrangements with the defendant that included bonus and penalty clauses designated a small group of development agents, which became known as the Development Agency Advisory Board ("DAAB"), to negotiate with the defendant a resolution of the dispute concerning the payment of bonuses. A "Bonuses and Penalty Rider" was eventually proposed as a way to settle the dispute over the payment of bonuses. Under the rider, a development agent could choose either of two options: (1) In consideration of the deletion of the provisions related to the payment of bonuses and penalties, the term of the Development Agent Agreement would be extended by two years; or (2) any bonus provided in the Development Agent Agreement would be payable in full only until the later of (a) October, 1994, or (b) the last month of the revised Development Schedule and thereafter the defendant would pay the development agent each month 50% of the bonus earned during October, 199 4 or during the last month of the development schedule, whichever applied.
On or about February 1996, the defendant sent the plaintiff a proposed Bonuses and Penalty Rider together with a letter which indicated that, under option two, the plaintiff would receive 50% of $2,900 or $1,450 monthly and that the plaintiff would be owed $2,900 in bonus payments through February 1996. The letter instructed the plaintiff to choose option one or option two of the rider, sign the rider and return it to the defendant. The defendant also sent the plaintiff a check in the amount of $2,900 as payment of its obligations under option two of the rider. Although the plaintiff never signed and returned the rider, the defendant subsequently sent and the plaintiff accepted payments of $1,450 monthly pursuant to option two of the rider.
The expense sharing clause can be found in paragraph 2b of the CT Page 7243 Development Agent Agreement. It provides that the plaintiff agrees to "assist the Company in the enforcement of all of the provisions of any License or Franchise Agreement of any unit established in his Territory, including but not limited to the collection of monies due the Company. If the Company incurs expenses in order to enforce the agreements or to commence evictions of Franchisees within said Territory, the Company may charge the Development Agent one-third of its expenditures."
The plaintiff contends that the defendant charged him expenses that did not fall within the parameters of the expense sharing clause of paragraph 2b. Specifically, the plaintiff maintains that the defendant charged him for all expenses incurred in relation to the franchises in his territory and did not limit the expenses to expenses incurred to enforce franchise agreements or to commence evictions of franchisees. The plaintiff also claims that the defendant improperly charged him with expenses which were incurred by the defendant's leasing affiliates. The plaintiff contends that the defendant improperly deducted from his compensation a total of $69,585.63 for expenses in contravention of the expense sharing clause of the Development Agent Agreement.
The Development Agent Agreement provides that any claim concerning a breach of the agreement shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association. On or about June 15, 1998, the plaintiff filed with the American Arbitration Association a written demand for arbitration of its dispute with the defendant. In its initial demand for arbitration, the plaintiff sought a declaratory judgment ordering the defendant to honor the bonus and penalty clause for the duration of the subject contract, an order compelling the defendant to pay delinquent bonus payments under the subject contract, and punitive damages, legal fees and costs under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §42-110g. The plaintiff also sought a declaratory judgment that the defendant is not authorized to set off against the plaintiffs monthly payments monies owed the defendant by franchisees for supplies and equipment and a declaratory judgment that the defendant is not authorized to set off against the plaintiffs monthly payments legal or other expenses not incurred in connection with the enforcement of the franchise agreements or with the commencement of evictions of franchisees. The plaintiff further sought an order requiring the payment of all amounts due and owing the plaintiff for unpaid bonuses and for reimbursement of unauthorized charges.
On or about November 17, 1999, the plaintiff amended its prayer for relief in the arbitration proceeding. The amended prayer for relief contained seventeen requests, all of which related to his claims that the defendant violated the agreement by failing to pay bonuses for the CT Page 7244 duration of the agreement and by deducting from his monthly payments expenses not incurred by the defendant in connection with the enforcement of the franchise agreements or with the commencement of evictions of franchisees within the plaintiffs territory.
On or about June 16, 2000, a three-person panel of arbitrators issued its written award. The award addressed each of the seventeen requests contained in the plaintiffs amended prayer for relief. With respect to the plaintiffs claims concerning the bonus and penalty clause, the arbitrators denied the plaintiffs request for a declaratory judgment that the defendant must apply the bonus and penalty clause of the Development Agent Agreement for the duration of the agreement and denied the plaintiffs request for an award of unpaid bonuses, punitive damages and attorney's fees under the Connecticut Unfair Trade Practices Act. The arbitrators ordered "compliance with [the defendant's] agreement to continue paying [the plaintiff] a monthly bonus of one thousand four hundred fifty dollars ($1,450) for the remaining term of the Development Agent Agreement . . ." With respect to the plaintiffs claims concerning the expense sharing clause, the arbitrators denied the plaintiffs request for a declaration that the defendant can not deduct any expenses other than those to commence eviction or enforce the franchise agreement incurred by the defendant; denied his request for a declaration that the defendant may not deduct from payments due the plaintiff money paid by the defendant for legal fees or money paid by any affiliate of the defendant. The arbitrators also denied in part the plaintiffs request for a declaration that the defendant may not deduct from payments due the plaintiff any amount incurred by the defendant as the assignee of a sublease to enforce the sublease or evict the franchisee. The arbitrators did grant the plaintiffs request for a declaration that the defendant may not deduct from payments due the plaintiff money paid by the defendant for lease settlements, rent to landlords, or settlements with a franchisee of claims made by the franchisee or any other party. The arbitrators also granted the plaintiffs request for a declaration that the defendant is not authorized to deduct from payments due the plaintiff any amounts owed by franchisees to the defendant. The arbitrators awarded the plaintiff $11,666.66 as damages for expenses improperly deducted by the defendant plus interest of $6,262.38.
On July 12, 2000, the plaintiff filed an application to vacate portions of the arbitration award and on June 1, 2001, the plaintiff filed an application to confirm various other portions of the arbitration award. On June 14, 2001, the defendant filed an application to confirm the entire award.
The plaintiff seeks to vacate particular provisions of the arbitrators' award on the grounds that they are defective pursuant to General Statutes CT Page 7245 § 52-418 (a)(4) because the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Specifically, the plaintiff maintains that the award in certain respects exceeded the scope of the submission and is inconsistent with awards by arbitrators in similar cases.
The scope of judicial review of an arbitrator's decision depends on whether the submission to the arbitrator was restricted or unrestricted.United States Fidelity Guaranty Co. v. Hutchinson, 244 Conn. 513, 520
(1998).
"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Perkins Mario, P.C. v. Annunziata, 45 Conn. App. 237,239-40, (1997). See also United States Fidelity Guaranty Co. v.Hutchinson, supra, 244 Conn. 519.
In this case, the Development Agent Agreement provides in paragraph 7c that "any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association, and judgment upon an award rendered by the Arbitrator (s) may be entered in any court having jurisdiction thereof."
The plaintiff submitted a demand for arbitration which described the nature of the dispute as the failure of the defendant to compensate him in accordance with the terms of the Development Agent Agreement executed by the parties. The final amended prayer for relief submitted to the arbitrators by the plaintiff contained seventeen requests including a declaration that the defendant honor the bonus and penalty clause for the duration of the contract and an order compelling defendant to pay delinquent bonus payments under the contract, and punitive damages, legal fees and costs under the Connecticut Unfair Practices Act. It also included requests for a declaration that the defendant may not deduct any expenses other than those incurred by the defendant to commence eviction or enforce the franchise agreement, a declaration with respect to the propriety of deducting various identified expenses by the defendant or its affiliates, and the award of money damages for the deduction of inappropriate expenses in the amount of $69,585.63. The amended prayer for relief prepared by the plaintiff also stated that "In the award, the panel may redraft or offer an alternate text describing the relief it CT Page 7246 awards in words different than that used in the text of this document."
The Development Agent Agreement does not contain language restricting the issues to be arbitrated, reserving explicit rights, or conditioning an arbitration award on court review. Similarly, the plaintiffs demand for arbitration and amended prayer for relief fail to place restrictions, reservations or conditions on the authority of the arbitrators. As a result, the parties' submission to the arbitrators was unrestricted.
The scope of a court's review of arbitral decisions concerning an unrestricted submission is exceedingly limited. "`When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board of Mediation Arbitration, 211 Conn. 7,14, 557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.Middletown v. Police Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322
(1982); State v. Connecticut Employees Union Independent, 184 Conn. 578,579, 440 A.2d 229 (1981).' Garrity v. McCaskey, 223 Conn. 1, 4-5,612 A.2d 742 (1992). `Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators decision of the legal questions involved.' (Internal quotation marks omitted.) Caldor, Inc. v.Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985)." Stratford v. Intl. Assn. ofFirefighters, 248 Conn. 108, 114 (1999).
These well-established principles are tempered by the recognition that a court may vacate an arbitration award on the following grounds: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418. Id., 116. The plaintiff contends that the award violates General Statutes § 52-418
(a)(4) because the award exceeded the scope of the submission and it is inconsistent with awards by arbitrators in similar cases.
The plaintiff maintains that certain portions of the award exceed the submission because they impose upon the plaintiff unaccepted settlement terms previously offered by the defendant. In the first sentence of CT Page 7247 paragraph one of the award, the arbitrators denied the plaintiffs request for a declaratory judgment that the defendant must apply the bonus and penalty clause for the duration of the Development Agent Agreement. In the second sentence of that paragraph, the arbitrators ordered "compliance with [the defendant's] agreement to continue paying [the plaintiff] a monthly bonus of one thousand four hundred fifty dollars ($1,450) for the remaining term of [the Development Agent Agreement]." In paragraph seven of the award, the arbitrators denied the plaintiffs request for unpaid bonuses. The plaintiff argues that the arbitrators' order enforcing an agreement to pay a monthly bonus of $1,450 is beyond the scope of the submission and voids paragraphs one and seven of the award. The plaintiff also asserts that various parts of the award concerning the expense sharing clause of the Development Agent Agreement exceed the scope of the submission because the award enforces a prior settlement offer by the defendant not agreed to by the plaintiff.
The defendant argues that the order of the arbitrators enforcing the agreement to pay the plaintiff a monthly bonus of $1,450 and denying portions of the plaintiffs requested relief concerning the expense sharing clause do not exceed the scope of the submission. In the alternative, the defendant argues that, should the court find that order to exceed the submission, the proper remedy is for the court to reject that part of the award but confirm the remainder.
Section 52-418 (a)(4) provides that a court shall vacate an arbitration award if it finds that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The rules guiding judicial review of an unrestricted submission are well-established. The court is to compare the award with the submission to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. New Haven v. AFSCME, Council 15. Local 530,208 Conn. 411, 415 (1988).[2] See also Hartford v. Board of Mediationand Arbitration, 211 Conn. 7, 14 (1989). "Ordinarily, an award which does not respond to the submission cannot be upheld. It is void to the extent to which it is outside the submission. To that extent the award must be vacated by the Superior Court upon proper application. On the other hand, if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." (Citations omitted.) Local 63Textile Workers Union v. Cheney Bros., 141 Conn. 606, 613-614 (1954).
I will first consider the plaintiffs claim that the arbitrators exceeded the submission in certain rulings involving the expense sharing clause because it can be summarily addressed. The plaintiff maintains that the arbitrators' decisions finding certain expenses appropriately CT Page 7248 charged the plaintiff under the expense sharing clause and awarding damages of $11,666.66 exceeds the submission. This claim lacks merit because the plaintiff clearly submitted to the arbitrators the issue of what expenses could be appropriately charged under the expense sharing clause and requested an award of damages. Although the plaintiff couches his claim as one involving the boundaries of the submission, his claim in essence is that the arbitrators' decision recognizing some expenses as appropriate and not others is erroneous. This court may not vacate an award regarding an unrestricted submission on the grounds that it is erroneous as to its view of the facts or the underlying agreement.Stratford v. Intl. Assn. of Firefighters, 248 Conn. 108, 114 (1999).
With respect to the bonus and penalty clause, the issues presented are whether the arbitrators' order enforcing an agreement to pay a monthly bonus of $1,450 is outside the submission and, if so, whether it can be separated from the remainder of the award without doing an injustice. The plaintiffs demand for arbitration and amended prayer for relief framed the issues to be determined by the arbitrators. The demand described the nature of the dispute as the failure of the defendant to compensate the plaintiff in accordance with the terms of the Development Agent Agreement executed by the parties. The amended prayer for relief asked the arbitrators for a declaratory judgment ordering the defendant to honor the bonus and penalty clause for the duration of the subject contract, an order compelling the defendant to pay delinquent bonus payments under the subject contract, and punitive damages, legal fees and costs under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110g.
The entire thrust of the submission concerned the defendant's obligations under the Development Agent Agreement. The issues submitted for determination were whether the defendant was obligated to pay bonuses for the entire term of the contract and, if so, whether its failure to do so violated CUTPA. The parties did not include in the submission a request for the arbitrators to determine whether the parties were bound by the subsequent Bonuses and Penalty Rider offered by the defendant or by any similar agreement. The arbitrators' order enforcing a subsequent agreement outside the four corners of the Development Agent Agreement was beyond the scope of the submission.
This court's ruling that the arbitrators' order requiring compliance with the agreement to pay a monthly bonus of S 1, 450 lies beyond the submission does not end the inquiry. The issue that must now be addressed is whether the invalid portion of the award is severable from the award's indisputably valid aspects. Local 63, Textile Workers Union v. CheneyBros., supra, 141 Conn. 613-614.
There is not and cannot be any dispute that the determinations of the CT Page 7249 arbitrators that the bonus and penalty clause of the contract did not extend for the entire term of the contract and that the plaintiff was not due any unpaid bonuses pursuant to that contract were within the parties' submission.[3] The arbitrators' decision to enforce the subsequent settlement agreement embodied in the Bonuses and Penalty Rider is not inextricably bound to their decisions interpreting the provisions of the Development Agent Agreement. These decisions can be readily separated without doing an injustice to the parties. Therefore, the plaintiffs request that this court vacate, in its entirety, paragraphs one and seven of the arbitrators' award is denied because the arbitrators' denial of the plaintiffs request for a declaratory judgment concerning the payment of bonuses under the Development Agent Agreement was within the submission and severable from the arbitrators' order compelling payment of $1,450 monthly pursuant to a subsequent agreement by the defendant.
Notwithstanding the fact that the arbitrators' order compelling payment was outside the parties' submission, it may not be vacated by the court because neither party has properly requested that the court do so.
The plaintiff has filed an application to vacate the arbitrators' award pursuant to General Statutes § 52-418 and an application to confirm the award pursuant to General Statutes § 52-417. The defendant has filed an application to confirm the award. Neither party has filed an application to modify or correct the award pursuant to General Statutes § 52-419.[4] The provisions of § 52-419 authorize the court to strike out that portion of an award which is not responsive to a submission but which is severable from the germane segment of the award.Waterbury Const. Co. v. Board of Education, 189 Conn. 560, 564 (1983). The court's sole authority to reject a portion of an arbitrator's award which exceeds a submission is through § 52-419. Local 1078 v.Anaconda American Brass Co., 149 Conn. 687, 690-691 (1962). Neither party has made an application to modify or correct the arbitrators' award and it is too late to do so now. See General Statutes § 52-420 (b).[5]
The plaintiff also asserts that the arbitrators' award in this case should be vacated because it conflicts with awards made by arbitrators in similar cases. This claim lacks merit. The plaintiff can point to no provision in the Development Agent Agreement that required the arbitrators to give preclusive effect to prior arbitral decisions.[6] The law in this state is clear that in the absence of such a contractual provision an arbitrator is not constrained by prior arbitral decisions. Stratfordv. Intl. Assn. of Firefighters, 248 Conn. 108, 125 (1999). "[W]e hold that, in the absence of a specific contract provision to the contrary, an arbitrator is not bound to follow prior arbitration decisions, even in cases in which the grievances at issue involve the same parties and interpretation of the same contract provisions. Although an arbitrator CT Page 7250 may find well-reasoned prior awards to be a compelling influence on his or her decision-making process, the arbitrator need not give such awards preclusive effect. Rather, the arbitrator should bring his or her own independent judgment to bear on the issue to be decided, using prior awards as the arbitrator sees fit, as it is the arbitrator's judgment for which the parties had bargained." Id.
For the aforementioned reasons, the plaintiffs application to vacate portions of the arbitration award is hereby denied and the defendant's application to confirm the award is hereby granted.[7]
BY THE COURT
 ___________________ Judge Jon M. Alander